SEVERINO GONZÁLEZ, demandante y recurrido, *v.* CIRILO CHÁVEZ, ANGELINE VARGAS y THE HOME INSURANCE COMPANY, demandados y recurrentes.

*Número:* R-74-360        *Resuelto:* 26 de febrero de 1975

*Barceló & Barceló,* abogados de los recurrentes; *Maximino Miranda Jiménez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

La Home Insurance Co., entidad aseguradora de un vehículo de motor que causó daños al demandante recurrido Severino González en accidente ocurrido el 19 de mayo de 1973, nos pide—al igual que solicitara ante el tribunal de instancia[1]—que dejemos sin efecto la sentencia que le condenó al pago total de $11,824.00, aduciendo básicamente que fue dictada sin jurisdicción por ser nulo el emplazamiento; no habérseles notificado la anotación de rebeldía y su señalamiento; y en la alternativa, bajo la Regla 49.2 de Procedimiento Civil vigentes, poseer buenas defensas respecto a la cuantía de la compensación concedida.[2] El peticionario no cuestiona la determinación de negligencia de su asegurado concluida por el tribunal sentenciador.

El examen de los escritos ante nuestra consideración nos convencen de que los dos primeros errores no fueron cometidos y de que son correctas jurídica y lógicamente las siguientes expresiones del tribunal de instancia:

"De la prueba presentada por The Home Insurance Company y el demandante, se desprende que The Home Insurance Company fue emplazada por conducto de la Sra. Milagros del Río, quien según su propio testimonio 'estaba autorizada para recibir emplazamientos a nombre de The Home Insurance Company, pero no a ser emplazada.' El Tribunal entiende que si la señora

---

[1] Aun cuando erróneamente fue denominado como una Revisión, hemos considerado el recurso como una solicitud de *certiorari* con el propósito de examinar la corrección de la resolución que declaró sin lugar la moción de relevo de sentencia. A tal efecto, expedimos el 10 de enero de 1975 una orden para mostrar causa habiendo las partes sometido sus respectivos memoriales.

[2] A tal efecto señala la inexistencia de la fractura de la clavícula; el no haberse tomado en cuenta la depreciación del vehículo en cuestión y el hecho de estar sujeto a un financiamiento en una institución bancaria; y el no aplicarse la deducción de la A.C.A.A.

del Río estaba autorizada para recibir emplazamientos, según su propio testimonio, lo era a todos los efectos legales.

Es inconcebible en derecho pensar que una persona esté autorizada a recibir emplazamientos a nombre de una Compañía de Seguros y que la Compañía no quede emplazada.

El Tribunal entiende que la Home Insurance Company fue emplazada y notificada de la demanda en el presente caso conforme a derecho."

■ Respecto a la ausencia de notificación de la anotación de rebeldía y de su correspondiente señalamiento, en vista del hecho de que los demandados no habían comparecido previamente en el pleito, ello era innecesario conforme lo dispuesto en la Regla 45.2 (b) de Procedimiento Civil vigentes. El que la secretaría del tribunal a quo, correcta o incorrectamente, hiciera constar haber notificado tal anotación y el señalamiento, en nada desvirtúa lo anterior. (3)

■ El tercer error, que impugna la determinación del tribunal a quo de que el demandante González sufrió la fractura de su clavícula como consecuencia del accidente, no puede prosperar ya que ello era materia a ser dilucidada y examinada durante el trámite del caso antes de la sentencia, o en la alternativa, por vía de reconsideración o a través de un oportuno recurso de revisión en alzada.

■ Entender en el mismo equivaldría a revisar la sentencia final y firme interviniendo este Tribunal indirecta e indebidamente en un aspecto sobre el cual carece de jurisdicción. La Regla 49.2 no fue establecida para conceder remedio contra una sentencia u orden errónea de un tribunal, ni como sustituto del recurso de revisión. *E.L.A.* v. *Tribunal Superior*, 86 D.P.R. 692 (1962).

■ Tampoco cometió error el tribunal sentenciador al entender que carecían de méritos las excusas brindadas por la

---

(3) Es interesante notar que la codemandada Angelina Vargas compareció a la vista del caso, lo que implica que de alguna forma se enteró del señalamiento.

demandada en apoyo de su moción de relevo. A tal efecto, coincidimos con el siguiente pronunciamiento:

"La codemandada Home Insurance Company alega como fundamento bajo la Regla 49.2 para que se le releve de la sentencia dictada en el presente caso, que por error de una secretaria no se le envió la demanda a sus abogados para su contestación.

El Tribunal entiende que, aunque le diéramos crédito a la alegación de la codemandada Home Insurance Company—pero sin dárselo—en el sentido de que la secretaria no le enviase la demanda a los abogados de la Compañía para su contestación, ello no es fundamento para relevarla de la sentencia dictada."

Lo expuesto previamente conllevaría el dejar sin efecto nuestra Resolución de Mostrar Causa. Sin embargo, no surge de los escritos de las partes que al tribunal de origen se le advirtiera de que no había aplicado la deducción de $1,000.00 que por daños por sufrimientos físicos y mentales provee la Sec. 8 de la Ley de Protección Social por Accidentes de Automóviles (Núm. 138 de 26 de junio de 1968, según enmendada, 9 L.P.R.A. sec. 2058(3)). Dicha reducción, que por mandato de ley es de naturaleza mandatoria de tipo automático, puede y debe ser aplicada a la primera oportunidad que tenga un tribunal de justicia en los casos apropiados y ello beneficia a la aquí peticionaria. *Morales* v. *Lizarribar*, 100 D.P.R. 717, 725 (1972).

*Se dictará sentencia a los únicos efectos de reconocer la deducción de $1.000.00 que provee la ley.*

El Juez Asociado Señor Dávila concurre en el resultado. El Juez Asociado Señor Cadilla Ginorio no intervino.