# 97 DTA 160

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

HECTOR MIRANDA SANTIAGO, SU ESPOSA MAGDALENA ARROYO GONZALEZ
Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA
Recurridos

v.

CARLOS CHOUDENS MENDEZ, SU ESPOSA LIGIA ORTIZ DURAN Y LA
SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA
Peticionarios

Núm. KLCE-97-00552

San Juan, Puerto Rico, a 3 de julio de 1997

Panel Sustituto integrado por su Presidenta, Juez Pesante Martínez,
los Jueces señor Colón Birriel y señor Rivera Pérez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

**I**

El 19 de octubre de 1994, los demandantes-recurridos, Héctor Santiago, su esposa y la sociedad legal de gananciales por ellos compuesta, incoaron demanda en Solicitud de Interdicto Preliminar y Permanente, Sentencia Declaratoria y Daños y Perjuicios contra Carlos Choudens Méndez, Víctor Caraballo, sus respectivas esposas y las sociedades legales de gananciales de ambos. En la demanda alegaron ser dueños de un inmueble colindante con una finca propiedad de Choudens Méndez. La propiedad de los demandantes tiene acceso a la Carretera 183 por un camino de apróximadamente tres metros que originalmente era de tierra y posteriormente los demandantes hicieron en cemento. Dicho

camino es el único acceso a la propiedad de los demandantes y éste es de su única y exclusiva propiedad, formando parte integral de su finca y sus linderos.

Se alega en la demanda, que en la propiedad colindante del demandado Choudens Méndez se encuentran enclavadas varias estructuras que se utilizan como vivienda, negocio de venta de lechón asado y bebidas, crianza de aves, área donde están ubicadas jaulas de gallos de pelea y una estructura alquilada donde reside el co-demandado Víctor Caraballo. Todas las estructuras están localizadas cercanas a la colindancia con el camino de acceso mencionado. El negocio de los demandados está desprovisto de área de estacionamiento, por lo que los clientes estacionan al margen de la carretera 183 y a la vereda del camino de acceso creando así condiciones de peligrosidad, además de entorpecer el libre tránsito y acceso a la propiedad de los demandantes.

A lo largo del camino de acceso, los demandantes erigieron una verja de alambre eslabonado. El demandado, sin la autorización de los demandantes, abrió un acceso en la verja y colocó un portón por el cual entran vehículos a la casa que es propiedad del demandado y que se encuentra alquilada. Los inquilinos hacen uso constante del camino sin que exista servidumbre legal a su favor. Más aún, tanto los inquilinos co-demandados, sus visitantes y los clientes del negocio del demandado Choudens, bloquean continuamente el acceso a la propiedad de los demandantes. A pesar de haber solicitado su cooperación, los demandados continúan permitiendo y propiciando bloqueo del acceso, ofendiendo al demandante, alegando ser dueños del camino, maltratándolo verbalmente, hostigándolo con querellas administrativas y otros inconvenientes de igual tenor.

Los demandantes reclamaron no tener obligación legal alguna que les impongan el deber de tolerar y permitir el uso del terreno por cuanto no existe servidumbre que autorice a los demandados a utilizar el camino de acceso a su propiedad. Finalmente, valoraron los daños sufridos en $60,000.00.

Así las cosas, celebrados varios trámites procesales, el 13 de diciembre de 1984, las partes estipularon que el demandante colocaría un portón con llave en la entrada del camino que da acceso a su propiedad y la de los co-demandados esposos Caraballo Santiago. Que ellos, refiriéndose a los demandantes y co-demandados Caraballo Santiago, serían los únicos que tendrían llaves del portón. Estos se comprometieron a tomar las medidas necesarias para evitar el bloqueo del acceso y a seguir las normas de sana conveniencia social entre vecinos. Esta estipulación provocó confusión en vista de que el Tribunal originalmente entendió que disponía de la totalidad del pleito cuando en realidad quedaban por resolver el aspecto relacionado con la solicitud de sentencia declaratoria a los fines de declarar que el camino es propiedad de los demandantes y la no existencia de una servidumbre. Además, quedaba la reclamación de daños sufridos por los demandantes a consecuencia de las actuaciones de los demandados Choudens Méndez, Caraballo Santiago y sus respectivas esposas y sociedad legal de gananciales. Oportunamente, la confusión se disipó y continuó el Tribunal de Instancia con los procedimientos de rigor.

Los demandados contestaron la demanda y presentaron una escueta solicitud de sentencia sumaria donde se limitaban a señalar que la parte demandante no es dueña del terreno donde enclava el camino ni consta en la escritura de compraventa servidumbre de paso alguna a favor de dicha parte. Por otro lado, los demandantes presentaron igualmente Moción Solicitando Sentencia Sumaria Parcial arguyendo la no existencia de controversia en cuanto al hecho material del camino y que el mismo es propiedad de los demandantes. No surge de los documentos sometidos ante nuestra consideración que el Tribunal resolviera finalmente las mociones de sentencia sumaria. Presumimos que las mismas fueron declaradas no ha lugar, puesto que quedó señalada la vista en los méritos.

El 20 de septiembre de 1996, fecha señalada para el juicio, compareció la parte demandante, más no así la demandada ni su representación legal. El tribunal, previa solicitud, procedió a eliminar las alegaciones de la contestación de la demanda a la parte demandada y le anotó la rebeldía por su incomparecencia a la vista, según se había acordado en la conferencia transaccional y/o continuación de la conferencia sobre el estado de los procedimientos celebrada el 19 de junio de 1996.

Habida cuenta de lo anterior y luego del tribunal escuchar la prueba que tuviera a bien presentar la parte demandante y de examinar la prueba documental presentada y admitida, éste declaró con lugar la solicitud de interdicto permanente. En su consecuencia, ordenó a los demandados abstenerse de

utilizar en modo alguno el camino de acceso a la propiedad de los demandantes; cesar y desistir de actos hostiles y agresivos contra los demandantes; cesar y desistir de bloquear el acceso del camino de referencia y abstenerse de permitir que sus clientes, usuarios, invitados, agentes o representantes bloqueen de cualquier modo dicho acceso que deberá permanecer libre de obstrucciones; y proceder, dentro del término de sesenta (60) días, a remover a su costo toda la estructura que colinda o esté construida en el camino de acceso hasta que haya un ancho de cinco (5) metros.

En lo que respecta a la segunda causa de acción, el tribunal dictó sentencia declaratoria estableciendo que el camino de acceso a la finca propiedad de la parte demandante forma parte integral de la misma y, por tanto, ésta es dueña de dicho camino. Se declaró, además, que no existe servidumbre de paso construida a favor de la finca de la parte demandada por el camino de acceso a la finca de la parte demandante y que por ello no existe obligación legal alguna de éstos de permitir o tolerar el uso y disfrute del camino por dicha parte.

Finalmente, el tribunal condenó a la parte demandada a pagar a la parte demandante la cantidad de $60,000.00 por concepto de indemnización por los daños y angustias mentales sufridos por ésta a causa de sus actos torticeros. La antes aludida sentencia fue emitida el 20 de noviembre de 1996 y notificada el 4 de diciembre siguiente. El 7 de enero de 1997, 34 días después de haberse notificado la sentencia, el peticionario presentó ante esta Curia un recurso de apelación el cual fue identificado alfanuméricamente Núm. KLAN-97-00011. No habiéndose presentado en tiempo la apelación, el 14 de enero siguiente procedimos a desestimar el recurso por falta de jurisdicción.

El pasado 5 de mayo, es decir, 152 días después del archivo en autos de copia de la notificación de la sentencia, el peticionario presentó ante el Tribunal de Primera Instancia una moción mediante la cual solicitó el relevo de la sentencia de conformidad con la Regla. 2(1) y (6) de Procedimiento Civil. En ella intentó justificar su incomparecencia a varios señalamientos alegando no haber recibido las notificaciones, a pesar de aceptar que las mismas fueron remitidas a la dirección correcta. En su escrito relató que ha confrontado problemas con la distribución de cartas a su apartado, que recibe cartas dirigidas a otras personas y que en ocasiones la correspondencia le llega con varios días de atraso. Además, alegó tener una buena defensa en su caso y que su reapertura no ocasionaría perjuicio alguno. Denegamos la expedición del auto de *certiorari*.

## II

La Regla 49.2 en lo pertinente dispone:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa o negligencia excusable;*

*(2)...*

*(3)...*

*(4)...*

*(5)...*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*

De la faz de la Regla en controversia se desprende que los tribunales están facultados para dejar sin efecto una sentencia, orden o resolución. Esta determinación se habrá de tomar caso a caso y tomando en consideración las circunstancias particulares del mismo y si existen razones de peso que justifiquen la concesión de un remedio contra los efectos de la sentencia. *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294 (1988). Como norma general, los tribunales deben ser extremadamente cautelosos y deben resistirse a alterar sus pronunciamientos finales y firmes para de esta manera insuflarle estabilidad y certeza al Derecho y a sus determinaciones. Lo anterior, por razón de que las sentencias emitidas por

los tribunales tienen a su favor una presunción de validez y corrección.

La Regla 49.2 debe interpretarse liberalmente. Sin embargo, ello no significa que se le preste mayor atención a una de las partes. Al hacer uso del remedio provisto por la regla en discusión, hay que considerar que no se debe prevalecer sobre los intereses *"igualmente justos de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de las controversias".* *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. ___ (1986); *Fine Art Wallpaper v. Wolff,* 102 D.P.R. 451(1974).

Bajo el inciso (1) de la citada regla, el tribunal, mediante moción y bajo condiciones justas, podrá relevar a una parte de una sentencia por error, inadvertencia, sorpresa o negligencia excusable. Tiene que existir una defensa méritoria que justifique el remedio que se solicita. *Díaz v. Tribunal Superior,* D.P.R. 79 (1966). Es por eso que el Tribunal debe hacer un análisis de la totalidad del expediente para teniendo una visión global del mismo, determine si el error, la inadvertencia, sorpresa o negligencia excusable constituyó una falla aislada o, por el contrario, forma parte de un patrón de omisiones, e incumplimientos de las órdenes o del trámite procesal. Para que el tribunal, en el ejercicio de su discreción, acceda a relevar a una parte de los efectos de una sentencia, se debe tomar en consideración lo siguiente:

*"(1) si se demostrare que se tiene una defensa válida que oponer a la reclamación;*

*(2) si la otra parte sufrirá perjuicio, de conceder el tribunal el relevo solicitado;*

*(3) el perjuicio, si alguno, que sufrirá la parte promovente de no concederse el remedio solicitado;*

*(4) que el promovente de la solicitud haya sido diligente en la tramitación del caso. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283 (1988); Olmedo Nazario v. Sueiro Jiménez, supra."*

Los criterios inherentes a la Regla 49.2 y los requisitos que anteceden aplican si la sentencia se dictó en rebeldía o por incomparecencia de la parte promovente. La Regla 45.3 de Procedimiento Civil dispone que *"por causa justificada el tribunal podrá dejar sin efecto una anotación de rebeldía y, cuando se haya dictado sentencia en rebeldía, podrá, asimismo dejarla sin efecto de acuerdo con la Regla 49.2". Neptune Packing Corp. v. Wackenhut Corp., supra.* Pero, independientemente que se trate de una sentencia en rebeldía o una que recaiga habiendo las partes comparecido y presentado sus defensas, el mecanismo provisto por la Regla 49.2 *"no es una llave maestra para reabrir a capricho un pleito ya adjudicado". Sucn. Bravo v. Srio. Hacienda,* D.P.R. 672, 675 (1978).

El promovente de una moción de relevo de sentencia dispondrá, para presentar la moción, de un término razonable, que en ningún caso excederá seis (6) meses. Este término de seis meses es fatal. *Sánchez Ramos v. Troche Toro,* 111 D.P.R. 155, 157 (1981). El hecho de que el caso estuviese pendiente de apelación no implica una interrupción del término para presentar la solicitud bajo análisis. *Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932(1971). La determinación de si el término es razonable es una inherentemente discrecional. Hay que sopesar el daño que la otra parte pueda sufrir por la tardanza del promovente y las razones que éste pueda tener para no haber acudido con mayor prontitud a solicitar el remedio. *García Gordils v. Maldonado Colón,* 109 D.P.R. 817 (1980); *Dávila v. Hospital San Miguel, supra.*

Finalmente, la moción de relevo no procede como sustituto de un recurso de apelación. Esta no fue establecida para conceder un remedio contra una sentencia u orden errónea del tribunal, puesto que la regla se refiere a errores de la parte y no de la corte. *Olmeda Nazario v. Sueiro Jiménez, supra; González v. Chavéz,* 103 D.P.R. 474 (1975).

Habiendo esbozado el estado de derecho, procede aplicar el mismo al caso de marras. El peticionario alega, como punta de lanza para apoyar su reclamo, en que tiene una defensa válida que oponer a la sentencia, que no recibió la correspondencia que dio a margen a que se dictara la sentencia en rebeldía y a que la dilación de 152 días en presentar la moción de relevo se debió a que presentó un

recurso de apelación ante este Foro y ello consumió parte de ese tiempo. Ninguna de las razones aducidas nos convencen. Si la representación legal conocía de los problemas que estaba confrontando con el servicio de correos, debió tomar medidas cautelares para evitar que ello sucediera. Ello no suponía una carga demasiado onerosa. Entre las medidas a tomarse figuran: mantener comunicación con la Secretaría del Tribunal, con la representación legal de la parte demandante, examinar el expediente del Tribunal con determinada regularidad o cambiar el lugar de recibo de la correspondencia. Nada hay en récord que nos indique que la parte peticionaria tomó medidas para evitar los problemas que una persona prudente y razonable hubiese anticipado y prevenido. La falta de diligencia de la parte peticionaria llegó al extremo de que el recurso de apelación incoado ante esta Curia fue desestimado por tardío. Allí quedó fuera de duda de que recibió en tiempo copia de la notificación del archivo en autos de copia de la sentencia. Lo anterior es una muestra adicional de la dejadez de la parte peticionaria en la tramitación del caso. Véase, Resolución del 14 de enero de 1997, Núm. KLAN-97-00011.

En lo relativo a la alegada defensa méritoria que se aduce para procurar el relevo de la sentencia, tampoco nos mueve a variar el dictamen del tribunal *a quo*. El camino de acceso en cuestión no es una servidumbre de paso. La propiedad está inscrita en el Registro de la Propiedad, en él no consta gravamen alguno ni surge servidumbre de paso. Es harto conocido que las servidumbres de paso son aparentes y discontinuas, por lo que sólo podrán adquirirse en virtud de título. 31 L.P.R.A. sec. 1653. Los demandantes-recurridos no tienen constituida una servidumbre de paso, sino que son dueños en pleno dominio del camino de acceso a su finca. Ver Acta Aclaratoria Núm. 192 otorgada el 3 de septiembre de 1958 ante el Notario Público Andrés Latorre en Caguas, Puerto Rico.

El récord del tribunal y las alegaciones de la parte peticionaria están desprovistos de circunstancias que ameriten apartarnos de la sabia norma de abstención que debemos observar en casos en que no hay indicios de pasión, prejuicio, parcialidad o error manifiesto. Más aún, nada hay que apunte a que el Tribunal de Primera Instancia, Sala Superior de Caguas, abusó de su discreción al negarse a relevar de los efectos de la sentencia en controversia a la parte peticionaria.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Lcda. Aida I. Oquendo Graulau
Secretaria General.