RECEIVED

NOV 2 8 2000

SERIALS DEPT
VARD LAW SCHOOL LIBRARY

# 2000 DTA 117

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA

BANCO BILBAO VIZCAYA
Recurrido

v.

SONIA SUAREZ HADDOCK Y LA SUCESION DE JOSE GARCIA COMPUESTA POR LOS HEREDEROS JORGE ANIBAL GARCIA SUAREZ, JORGE GARCIA NAVARRO, JOSE LUIS GARCIA NAVARRO Y SONIA SUAREZ HADDOCK EN LA CUOTA VIUDAL USUFRUCTUARIA
Peticionarios

Núm. KLCE-99-01240

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Los peticionarios, Sonia Suárez Haddock y la Sucesión de José García Guzmán compuesta por sus herederos Jorge Aníbal García Suárez, Jorge García Navarro, José Luis García Navarro, Ana Mercedes García Navarro y Sonia Suárez Haddock, en la quota viudal usufructuaria (en adelante los *"peticionarios"),* nos solicitan expidamos auto de *Certiorari* y revoquemos la Resolución emitida por la Juez Dory Jean Robles Rivera del Tribunal de Primera Instancia, Sala Superior de Guayama, el 20 de septiembre de 1999, archivada en los autos el 30 de septiembre del mismo año. Mediante el referido dictamen, se relevó al recurrido, Banco Bilbao Vizcaya (en adelante el *"Banco"),* de una previa sentencia dictada el 19 de septiembre de 1995, caso Civil Núm. GCD 940042, *Ponce Federal Bank, F.S.B. v. Jorge García Guzmán y otros,* sobre Ejecución de Hipoteca, por la vía ordinaria, la cual ordenaba el archivo del caso por falta de interés y abandono.

A virtud de la resolución recurrida, el Tribunal de Primera Instancia le permitió al Banco continuar con los procedimientos de ejecución de hipoteca y cobro de dinero por la vía ordinaria (Civil Núm. GCD 97-0239), ignorando el dictamen emitido anteriormente en el caso GCD 94-0042, y en abierta contradicción a los mandatos finales, firmes e inapelables, emitidos por este Tribunal (Núm. KLCE-96-00849 y Núm. KLAN-97-01308), generados como consecuencia del primer pleito.

Mediante nuestra Resolución de 29 de noviembre de 1999, le concedimos término al Banco para mostrar causa por la cual no debíamos revocar la Resolución recurrida, objeto del recurso. El 9 de diciembre de 1999, el Banco compareció mediante *"Escrito de Mostrar Causa".* Por su parte, los peticionarios replicaron al referido escrito.

Con el beneficio de los escritos de las partes, resolvemos, no sin antes exponer lo acontecido ante el foro recurrido. Veamos.

### II

Surge de los autos que el 22 de noviembre de 1974, Jorge García Guzmán (en adelante *"García Guzmán"),* siendo soltero, adquirió un predio de terreno de 1,458 metros cuadrados y una casa de concreto, en el Municipio de Guayama, por la suma de $81,000, asumiendo una hipoteca por $78,400.

El 17 de mayo de 1983, García Guzmán, ya casado con Sonia Suárez Haddock (en adelante *"Suárez Haddock"),* obtuvo préstamo del entonces Ponce Federal Savings & Loan Association, hoy Ponce Federal Bank (en adelante *"Ponce Federal"),* por la suma de $60,000. Se constituyó hipoteca sobre la referida propiedad por la suma de $60,000 a favor del Ponce Federal. Ambos firmaron el pagaré que evidenciaba la deuda, así como la escritura mediante la cual se constituyó la hipoteca.

García Guzmán falleció en el año 1992. El 14 de octubre de 1994, desconociendo del fallecimiento de García Guzmán, Ponce Federal presentó ante el antiguo Tribunal Superior, Sala de Guayama, una demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria, contra García Guzmán, Suárez Haddock y la Sociedad Legal de Gananciales, por ambos compuesta, Civil Núm. GCD 94-0042. Posteriormente fue enmendada, el 15 de febrero de 1995, a raíz del conocimiento del fallecimiento del demandado. A raíz de lo cual, incluyó como demandados, a los miembros de la sucesión de García Guzmán, a Sonia Suárez Haddock y al Secretario de Hacienda. El foro de instancia admitió la demanda enmendada y expidió a esos efectos, nuevos

emplazamientos.

Así las cosas, el 19 de septiembre de 1995, archivada en los autos copia de su notificación (el 5 de octubre de 1995), el tribunal ordenó el archivo del caso por *"falta de interés y abandono."* No surge de los autos que las partes, y en especial Ponce Federal, se expresaran sobre dicho archivo. Al día siguiente de haber sido notificada la sentencia, Ponce Federal solicitó se expidieran emplazamientos por edictos para tres (3) demandados residentes fuera de Puerto Rico, lo que fue ordenado por el tribunal. Es decir, no obstante haberse archivado el caso, los trámites procesales continuaron ante el Tribunal de Primera Instancia, Sala Superior de Guayama. Incluso, hubo cambio en la representación legal del Ponce Federal, por razón de que el Banco había adquirido los activos de aquél.

El 15 de mayo de 1996, en ocasión de celebrarse una vista para que Suárez Haddock mostrara causa por la cual no debía someterse a una deposición solicitada por el Banco y en ocasión también de celebrarse la conferencia para regular el estado de los procedimientos, Suárez Haddock, la sucesión, el Banco y el tribunal se percataron de la existencia de la sentencia de archivo. El tribunal, por su parte, hizo constar que el alcance de expedir los emplazamientos por edictos, fue el dejar sin efecto la sentencia de archivo. Procedió entonces, a concederle diez (10) días a las partes para que se expresaran en cuanto a la vigencia de la referida sentencia y el efecto de la continuación de los procedimientos, no obstante su archivo.

Con fecha 3 de junio de 1996, Suárez Haddock y la sucesión, cumpliendo con lo ordenado por el tribunal, presentaron *"Moción Para que se Deje en Vigor Sentencia Dictada"*. Por su parte, el 10 de junio de 1996, el Banco presentó *"Moción de Relevo de Sentencia",* solicitando el relevo de la referida sentencia. Por último, Suárez Haddock y la sucesión presentaron *"Réplica a Moción Solicitando Relevo de Sentencia"*. Así las cosas, el 28 de junio de 1996, el tribunal emitió su resolución, la que dejó sin efecto su sentencia de archivo y ordenó la continuación de los procedimientos. El tribunal no consideró, para efecto de su sentencia, las mociones presentadas por Suárez Haddock, la sucesión y el Banco, por lo que procedió a remitirlas a su resolución del 28 de junio de 1996.

Ponce Federal presentó ante este Tribunal un recurso de *Certiorari*, Núm. KLCE-96-00849. Atendido y evaluado el recurso, mediante nuestra sentencia de 20 de diciembre de 1996, revocamos la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 28 de junio de 1996, y dejamos en todo su efecto y vigor la sentencia de archivo dictada por dicho foro, el 19 de diciembre de 1995, por razón de haberse radicado la moción de relevo de sentencia después de seis (6) meses de emitida la sentencia de archivo.

Inconforme con el dictamen, Ponce Federal recurrió a nuestro Tribunal Supremo mediante *"Petición de Certiorari"* de fecha 5 de marzo de 1997, recurso CC-97-106. El 4 de abril de dicho año, el Tribunal Supremo declaró *"No Ha Lugar"* la petición presentada.

Así las cosas, los peticionarios solicitaron al foro recurrido una orden para que Ponce Federal le entregara el pagaré para su cancelación. El tribunal dictó orden al efecto. Ponce Federal presentó reconsideración y los peticionarios se opusieron. El tribunal denegó la reconsideración y· le impuso $500 de honorarios a Ponce Federal, quienes presentaron nueva reconsideración. Los peticionarios se opusieron y el tribunal la denegó.

Contra ambos dictamenes, Ponce Federal presentó escrito de apelación ante este Tribunal, Núm. KLAN-97-1308. El 17 de abril de 1998, revocamos la imposición de honorarios, por razón de que Ponce Federal no fue temerario al solicitar la reconsideración del tribunal que le ordenaba entregar el pagaré. No obstante, confirmamos la resolución, ordenando la entrega del pagaré, por entender que el recurso fue tardío.

El 11 de mayo de 1998, Ponce Federal presentó reconsideración. El 20 de mayo de ese año, archivada en autos su notificación el 26 de ese mes y año, dictamos *"Sentencia en Reconsideración"* sosteniendo el dictamen en cuanto a la entrega del pagaré.

Inconforme, Ponce Federal, el 24 de junio de 1998, recurrió a nuestro Tribunal Supremo, en recurso de *Certiorari*, CC-98-525. El 15 de julio de 1998, nuestro Tribunal Supremo denegó, tanto el *Certiorari*, como una moción en auxilio de jurisdicción que fue presentada con el recurso.

Ponce Federal no se dio por vencido, e inició un nuevo procedimiento ante el Tribunal de Primera Instancia, Sala Superior de Guayama. El 25 de septiembre de 1997, presentó ante dicho foro, otra demanda sobre cobro de dinero y ejecución de hipoteca por la vía ordinaria, Caso Civil Núm. GCD 97-0239.

Tras otros incidentes procesales, como mencionamos anteriormente, la Hon. Dory Jean Robles Rivera del Tribunal de Primera Instancia, Sala Superior de Guayama, relevó al Ponce Federal, de los efectos de la sentencia de archivo por falta de interés y abandono, emitida por el Hon. Dante Amadis Rodríguez Rosa, el 19 de septiembre de 1995, en el Caso Civil Núm. GCD 94-0042. Adujo como fundamento, que *"mediaron circunstancias que ameritan el relevo de los efectos de la sentencia, archivando el caso por falta de interés y abandono"*. Al así actuar, dicho foro desatendió los mandatos previos de este Tribunal y las consecuencias de la no expedición de los recursos presentados ante la consideración de nuestro Tribunal Supremo.

Inconforme con la actuación del foro recurrido, los peticionarios le imputan los siguientes errores:

*"Primer error: Cometió grave error de derecho instancia al desatender los mandatos previos de este Honorable Tribunal de Circuito de Apelaciones.*

*Segundo error: Cometió instancia grave error de derecho procesal al no desestimar por ser procesalmente improcedente un pleito independiente sobre relevo de sentencia, luego de agotar el Banco la posibilidad de relevo al amparo de la regla 49.2.*

*Tercer error: Cometió grave error de derecho instancia al conceder relevo de sentencia por fundamentos otros que fraude o falta de jurisdicción.*

*Cuarto error: Cometió grave error de derecho instancia al no aplicar a la reclamación del Banco en cobro de dinero y ejecución de hipoteca por la vía ordinaria la doctrina de cosa juzgada."*

### III

Descarguemos nuestra función revisora, con la discusión del primer error. Veamos.

Nuestro más alto foro ha expresado, en reiteradas ocasiones, la naturaleza y alcance del mandato que expide un tribunal apelativo una vez resuelve lo que se le ha planteado en un recurso. Véase a esos efectos el caso de *Pueblo v. Tribunal de Distrito*, 97 D.P.R. 241, 246-247 (1969), donde expresó:

*"El mandato es el medio oficial de que nos valemos para comunicar al tribunal de instancia la disposición que hemos hecho de la sentencia objeto de la revisión y de ordenarle el cumplimiento con los términos de nuestra actuación. Una vez recibido el mandato, el tribunal inferior debe limitarse a dar cumplimiento a lo ordenado, **que constituye la ley del caso ante las partes**, Martínez v. Tribunal de Distrito, 69 D.P.R. 552, 555 (1949); Lluyeras v. Marío Mercado e Hijos, 77 D.P.R. 458, 461 (1954); Estado v. Ocean Park Development Ccrp., 79 D.P.R. 158, 173 (1956), aun en cuanto a cuestiones jurisdiccionales que no fueron planteadas ante este Tribunal, Fiddler v. Tribl. Contribuciones, 68 D.P.R. 847, 851 (1948), y en cuanto a cualquier recurso de revisión de la sentencia, Graniela v. Yolande, Inc., 65 D.P.R. 705 (1946). El tribunal inferior no tiene autoridad para reabrir el caso, ni para reconsiderar o enmendar la sentencia o suspender su ejecución, Melón Hnos. & Co. v. R. Muñiz, Etc. y Villamil, Int., 54 D.P.R. 182, 188 (1939), a menos que en las causas civiles se obtenga previamente permiso de este Tribunal [Supremo] para dejar sin efecto la sentencia, según requerido por la Regla 49.2."* [Enfasis suplido]

Posteriormente, en *Vaillant Valenciano v. Santander Mortgage Corporation,* opinión de 29 de diciembre de

1998, **98 J.T.S. 159,** a la pág. 411, nuestro Tribunal Supremo reiteró:

*"La remisión del mandato, luego de dictada la sentencia, tiene el efecto de ponerle punto final a los procedimientos del caso en revisión, removiéndolo de la jurisdicción del tribunal apelativo y devolviéndolo al foro de origen para que continúen los procedimientos. Véase U. S. v. Rivera, 844 F.2d 916 (2d Cir. 1988); Oster v. U.S. 584, F.2d 594, 598 (2d Cir. 1978); 2A Fed. Proc., L. Ed. Sec. 3:932. Cuando se ha instado un recurso de apelación, se ha expedido un auto de Certicrari, o como en el caso de autos, se ha dictado una orden de paralización de los procedimientos antes de su expedición, el caso permanecerá bajo la jurisdicción del tribunal apelativo hasta tanto el mandato [del foro apelativo] no haya sido emitido por la secretaria luego de dictada la sentencia correspondiente. Por consiguiente, el foro recurrido se encuentra impedido para actuar sobre aquellas controversias contenidas en el recurso de revisión y, en consecuencia, cualquier determinación adelantada por el foro inferior antes de recibir el mandato, es nula por carecer de jurisdicción sobre la materia. Véase In re: Thorp, 655 F2d (9th Cir. 1981) y Wright, Miller & Cooper, supra, sec. 3987, pág. 688."*

Es por ello, que nuestra determinación produjo, a nivel del foro recurrido, una determinación que gobernaría los procedimientos del caso, de ahí en adelante. El mandato, como se ha expresado, impone al tribunal inferior la responsabilidad de cumplir con los términos contenidos en el mandato y sus actuaciones tienen que ser consistentes con lo allí ordenado.

En el caso que nos ocupa, el foro recurrido ha hecho caso omiso a los mandatos de este Tribunal. Ha concedido el relevo de los efectos de una sentencia revocada, recurso inicialmente presentado por Federal Bank. La resolución recurrida, objeto de este recurso, que permitió la continuación de los procedimientos en la segunda demanda presentada (Civil Núm. GCD 97-0239) es contraria a nuestro mandato. Nuestro dictamen de 20 de mayo de 1998, resolvió todo lo que planteó Ponce Federal, así como todo aquello que pudo haber sido planteado en dicha ocasión.

Nuestra sentencia de 20 de diciembre de 1996, tuvo el efecto de poner punto final a la controversia en cuanto al relevo que solicitó Ponce Federal de los efectos de la sentencia de archivo. Nuestra decisión, fue a los efectos de no avalar la actuación del foro recurrido que dejaba sin efecto su primera sentencia de archivo, **por haber pasado seis meses de haber sido dictada.**

El dictamen del foro recurrido, que es ahora objeto de nuestra consideración, tuvo el efecto de descartar y echar a un lado nuestro anterior dictamen y permitir una acción de cobro de dinero de una deuda evidenciada por un pagaré, con la ejecución de la correspondiente garantía hipotecaria, por la vía ordinaria, acción que, a virtud de nuestro dictamen, determinamos se había extinguido. *P.R. Production Credit Association v. Registrador,* 123 D.P.R. 231, 241-42 (1989). Es decir, a virtud de nuestra sentencia revocatoria, determinamos que el allí demandante quedaría imposibilitado, en lo sucesivo, del cobro de la deuda. Ello es así, toda vez que la Regla 39.2(c) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente:

*"A menos que el tribunal, en su orden de desestimación, lo disponga de otro modo, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, 'tienen el efecto de una adjudicación en los méritos'."*

El foro recurrido, por el contrario, a virtud de su dictamen, resolvió lo contrario, dejó sin efecto nuestro dictamen, el que a todas luces era final y firme, y le permitió al Banco seguir los procedimientos para el cobro de la deuda evidenciada por el pagaré y garantía hipotecaria.

Los procedimientos de revisión instados a iniciativa de Ponce Federal ante nuestro Tribunal Supremo, según indicaremos, no prosperaron. El resultado del *"No Ha Lugar",* emitido por nuestro más alto foro, tuvo el efecto de convertir en final, firme e inapelable lo resuelto por este Tribunal, es decir, se convirtió en cosa juzgada, por lo que erró el foro de instancia al relevar al Ponce Federal de los efectos de nuestra sentencia.

Distíngase de *Banco Popular de P.R. v. Municipio de Aguadilla*, Opinión de 29 de diciembre de 1997, **97 J.T.S. 152**, a la pág. 446, escolio 2.; *Sociedad de Gananciales v. Pauneto*, 130 D.P.R. 749, 755-56 (1992). No procede bajo los hechos del caso ante nuestra consideración, relevo de clase alguna, sea por la Regla 49.2 de las de Procedimiento Civil, 32 Ap. III, o un pleito independiente, por razón de estar extinguida la deuda contraída y, como consecuencia de ello, sin validez alguno el pagaré que garantizaba la hipoteca. Determinamos que el primer error fue cometido.

Pasemos al segundo error. En la demanda presentada ante el antiguo Tribunal Superior, GCD 94-0042, se litigaron en forma real y efectiva, al igual que en este Tribunal, todos los fundamentos alegados por Ponce Federal para sostener su solicitud de relevo de sentencia. En ese caso, Ponce Federal tuvo su día en corte. Litigó el asunto con éxito ante el extinto Tribunal Superior, logrando que dicho foro lo relevara de la sentencia de archivo. En este foro revocamos esa decisión, dejando en todo su efecto y vigor la previa sentencia de archivo.

Según discutiéramos anteriormente, la resolución emitida por el foro de instancia, objeto del presente recurso, es errónea y contraria a nuestro mandato. Hace caso omiso a un dictamen anterior, es decir, a nuestro mandato que, a todas luces, constituye cosa juzgada entre las partes. Por otro lado, mediante ese dictamen, también se ignora la reiterada doctrina de que las apelaciones se dan contra las sentencias y no contra sus fundamentos. *Collado v. E.L.*A., 98 D.P.R. 111, 114 (1969).

Según surge de la resolución recurrida, el foro recurrido infiere que al emitir nuestra sentencia de 20 de diciembre de 1996, no cumplimos con nuestra función revisora. No le asiste la razón. Para finalmente emitir nuestra sentencia de 20 de diciembre de 1996, evaluamos a cabalidad los hechos particulares del caso y la jurisprudencia aplicable. De esa evaluación, determinamos que no era válido confirmar el dictamen que dejó sin efecto el archivo de la causa de acción de Ponce Federal, por ausencia de fundamento alguno para así hacerlo. Es decir, de haber existido algún fundamento válido en derecho, lo hubiéramos aplicado para confirmar la sentencia.

Por otro lado, el pleito independiente es improcedente bajo los hechos particulares de este caso, toda vez que se agotó sin éxito, el remedio disponible bajo la regla 49.2, *supra*. En *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 687-688 (1979) nuestro Tribunal Supremo expresó:

*"Convenimos con el tribunal de instancia en que la doctrina de cosa juzgada impide al recurrido volver a litigar las cuestiones que planteó o pudo haber planteado en la solicitud de relevo de sentencia. Mercado Riera v. Mercado Riera, 100 D.P.R. 490 (1972); González v. Méndez et al., 115 D.P.R. 701 (1909). Tampoco puede utilizar el mecanismo de una acción independiente para impugnar por errónea la validez de la sentencia y de los procedimientos de ejecución en el caso civil 754206, ni para levantar cuestiones substantivas que debieron haberse planteado como defensas afirmativas en el juicio. Dicha acción no tiene el propósito de sustituir el procedimiento de revisión o de proveer un remedio adicional contra una sentencia errónea. González v. Chavez, 103 D.P.R. 474 (19759; Rodríguez v. Tribunal Superior, 102 D.P.R. 290 (1974); O. Parés, Inc. v. Galán, 98 D.P.R. 772 (1990); E.L.A. v. Tribunal Superior, 86 D.P.R. 692 (1962). Si así fuera, el pleito independiente para el relevo de sentencia constituirá un mero mecanismo procesal para extender indirectamente el término de revisión, en menoscabo del interés fundamental en la estabilidad y certeza de los procedimientos judiciales. La Regla 49.2 preserva este interés fundamental para establecer un término fatal de seis meses para solicitar el relevo, al fijar en términos precisos las razones para el mismo, y, al excluir el error judicial, a distinción del error de la parte, como fundamento del remedio. Banco Popular v. Tribunal Superior, 82 D.P.R. 242 (1961)."*

A base de lo expuesto, el segundo error fue cometido.

Pasemos al tercer error. Con la resolución que hoy es objeto de nuestra atención, el foro de instancia pretende revocar nuestro dictamen de 20 de diciembre de 1996 (que dejó sin efecto la sentencia de archivo del

Juez Dante A. Rodríguez Rosa *"por falta de interés y abandono")*, por entenderlo erróneo e incorrecto. Por tal fundamento, pretende dejarla sin efecto. A tales extremos, debemos señalar que la sentencia de archivo se dictó con jurisdicción sobre la persona del Ponce Federal y sobre la materia; no hubo fraude para su obtención y mucho menos adolece de defectos que impliquen su nulidad.

Los errores de que pueda adolecer un dictamen, se corrigen utilizando los recursos disponibles en el tiempo señalado para su utilización. La Regla 49.2, *supra*, y el pleito independiente no puede ser utilizado como sustituto para revisar una sentencia, pues para ello está la apelación. *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 688 (1979*); González v. Chavez,* 103 D.P.R. 474, 476 (1975). De otro modo, y sólo para fines de ilustración, *"[a]un cuando pudiera sostenerse que [una] conclusión es contraria a derecho, la defensa de res judicata puede invocarse aunque los fundamentos de la sentencia sean erróneos, siempre que se hubiere dictado con jurisdicción y en ausencia de fraude." Bolker v. Tribunal Superior,* 82 D.P.R. 816, 833-34 (1961). Claramente, de haber existido algún error de derecho en nuestra sentencia de 20 de diciembre de 1996, cosa que entendemos no ocurrió, una vez advino final y firme la sentencia del archivo del caso, puede reclamarse exitosamente, y procede en derecho, la defensa sobre cosa juzgada. Es por ello que entendemos se cometió el tercer error alegado.

En consideración a lo antes señalado, sólo nos resta indicar, en cuanto a lo que el cuarto y último error mencionado refiere, que la acción que presentó Ponce Federal en el caso GCD-94-0042 y la presentada en el caso GCD-97-0239 cumple con todos y cada uno de los elementos indispensables para sostenerse la aplicación de la defensa sobre cosa juzgada. Entre ambas acciones existe la más perfecta identidad entre las cosas, las causas, las personas de los litigantes (o sus causahabiente) y la calidad en que lo fueron. 31 L.P.R.A. sec. 3443. Véase además, *Bolker v. Tribunal Superior, supra,* a la pág. 822; *Negrón v. C.I.T. Fin. Serv.,* 111 D.P.R. 657, 661 (1981); *A & P Gen. Contractors v. Asoc. Caná,* 110 D.P.R. 753, 764-67 (1981).

En mérito a lo expuesto, se expide el auto solicitado, se revoca la resolución recurrida y se ordena la desestimación de la demanda.

Notifíquese vía facsímil, además de por la vía ordinaria.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General