# 2000 DTA 130

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

ISLA SAN MIGUEL REGIMES
Peticionaria

v.

PALMAS DEL MAR COMPANY Y MARINA DE PALMAS
Recurridas

v.

BAY YACHT CLUB, INC.
Tercero-Demandado-Recurrido

Núm. KLCE-2000-00033

San Juan, Puerto Rico, a 31 de marzo de 2000

Panel sustituto integrado por su Presidenta, la Juez Pesante Martínez
y los Jueces Colón Birriel y Rodríguez García

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

Isla San Miguel Regimes (en adelante la *"peticionaria")* acude ante nosotros solicitando la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 8 de diciembre de 1999, archivada en los autos copia de su notificación el 13 de igual mes y año.

La referida resolución declaró *"No Ha Lugar"* una moción de reconsideración, en la que la peticionaria solicitaba un relevo de sentencia, bajo la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, en el caso Civil Núm. HAC-01992-0567.

### II

Procedemos a exponer, brevemente, el trasfondo fáctico que generó la controversia de epígrafe.

El 4 de mayo de 1999, notificada el 11 de igual mes y año, el foro recurrido emitió una sentencia sumaria mediante la cual no reconoció a la peticionaria una causa de acción para reclamar y exigir el cumplimiento específico de las condiciones contempladas en un permiso expedido por el *"U.S. Corps. of Engineers"* para construir un rompeolas. Posteriormente, la peticionaria presentó una moción de reconsideración ante dicho foro, la que fue denegada de plano.

Insatisfecha con la determinación, la peticionaria acudió ante este foro mediante recurso de apelación (Núm. KLAN-99-00606), presentado el 11 de junio de 1999. En dicha ocasión, el recurso fue desestimado por falta de jurisdicción mediante *"Sentencia",* del 30 de junio de 1999, toda vez que se había presentado fuera del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de copia de la notificación de la sentencia. Regla 13(A) de nuestro Reglamento, 4 L.P.R.A. 22k. Señalamos en tal ocasión que *"[l]a jurisdicción no se presume."* Que *"[c]orrespond[ía] a la parte invocarla y acreditarla, toda vez que previo a considerar los méritos de un recurso, el tribunal tiene que determinar si tiene la facultad para entender en el mismo."*

El 18 de agosto de 1999, la peticionaria acudió mediante *"Moción de Reconsideración"* exponiendo que si bien la sentencia apelada había sido notificada el 11 de mayo de 1999, había sido puesta al correo el 12 de mayo de 1999, y que *"desafortunadamente"* el sobre con el matasello del correo que así lo demostraba se había extraviado, por lo que no había podido presentar dicha constancia ante este foro. La reconsideración fue declarada *"No Ha Lugar",* el 15 de septiembre de 1999.

Así las cosas, la peticionaria presentó ante la consideración del Tribunal de Primera Instancia, el 18 de agosto de 1999, una *"Moción Bajo la Regla 49.2"* donde expuso, en síntesis, que constituia, error, inadvertencia, sorpresa o negligencia excusable el haber extraviado el sobre en el cual se había notificado la sentencia de referencia y toda vez que no había podido acreditar tal fecha a la satisfacción del Tribunal de

Circuito de Apelaciones, procedía dejar sin efecto la sentencia dictada el 4 de mayo de 1999. Según indicáramos anteriormente, el foro recurrido no acogió la moción al amparo de la Regla 49.2, *supra*, y en su consecuencia, la parte peticionaria recurrió ante este foro, una vez más, solicitando la expedición del recurso de epígrafe.

## III

La Regla 49.2 de las de Procedimiento Civil, *supra*, dispone en lo pertinente:

*"Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.*

*Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa, o negligencia excusable.*

*...*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado acabo el procedimiento ..."*. (Énfasis suplido).

Una moción radicada al amparo de dicha regla, deberá presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia, excepto por las situaciones de excepción que reconoce la propia regla. No obstante, a pesar de que dicha regla habla de un término de seis (6) meses, lo cierto es que el criterio determinante lo es la razonabilidad. Así, por ejemplo, una moción presentada, digamos a los sesenta (60) días de dictada la sentencia, podría ser desestimada por tardía si el tribunal, al hacer un análisis de todas las circunstancias, estima que la parte estaba en aptitud de y podía presentar la moción en un término menor. Es decir, la parte debe ser diligente en la presentación de dicha moción, razón por la cual no puede cruzarse de brazos y acudir el día final a la expiración del plazo de seis (6) meses, a menos que las circunstancias así lo requieran.

Determinar si una solicitud de relevo de sentencia ha sido presentada dentro de un término razonable, requiere el ejercicio de discreción de parte del tribunal. Tal discreción es necesaria para la determinación de lo que constituye un término razonable dentro de los hechos particulares de cada caso. El ejercicio de esa discreción ha de ser imparcial guiada por principios legales a ser ejercitados de conformidad con el espíritu de la ley, y de manera que adelante y no obstruya o atrase los fines de la justicia. Por ello, como señala Cuevas Segarra, *"debe sopesarse el posible perjuicio que a la parte contraria le pueda ocasionar la tardanza del promovente, ante las razones que éste pueda tener para no haber acudido tras el principio de la finalidad de las sentencias y el postulado fundamental que exige que se provean los mecanismos adecuados para corregir aquellas que sean erróneas e injustas. Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 823-824 (1980)."* Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** 1988, Cap. VIII, a la pág. 269.

Por otro lado, al examinar una moción de relevo radicada al amparo del inciso primero de dicha regla, como es el caso que nos ocupa, el tribunal debe hacer un análisis y balance racional justiciero de todo el expediente del caso para determinar si, bajo las circunstancias específicas del caso, hubo *"error, inadvertencia, sorpresa o negligencia excusable"*. No es suficiente alegar que la omisión que dio lugar a que se dictase la sentencia, se debió a error, inadvertencia, sorpresa o negligencia excusable. Es decir, hay que indicar los hechos que constituyen la justificación de la omisión. No basta lenguaje conclusivo. *Díaz v. Tribunal Superior,* 93 D.P.R.

79, 88-89 (1966); *Dávila Mundo v. Hospital San Miguel Inc.*, 117 D.P.R. 807, 817 (1986).

Así, pues, se ha resuelto que no constituye fundamento para relevar a una parte de una sentencia al amparo del citado inciso, el hecho de que una secretaria de una compañía de seguros demandada por error, no enviara la correspondiente demanda a los abogados de la compañía para su contestación. *González v. Chávez*, 103 D.P.R. 474, 475-476 (1975). De igual forma, en *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451 (1974), donde el abogado promovente de la moción alegó, para justificar la reapertura del caso, que no pudo percatarse del señalamiento por estar alejado de la práctica de la profesión y que por una omisión involuntaria no solicitó la posposición del caso; se rechazó tal contención, cuando el Tribunal señaló que: *"[e]sta mera alegación no constituye, ni puede constituir, negligencia excusable bajo la Regla 49.2. Los abogados no pueden descargar su responsabilidad profesional alegando, como en este caso, un mero descuido"*.

En el caso que nos ocupa, la peticionaria alega, ante el foro recurrido, que constituye error, inadvertencia, sorpresa o negligencia excusable el haber extraviado el sobre en el cual se había notificado la sentencia de referencia, cosa que alegadamente no le permitió acreditar adecuadamente la jurisdicción de este Tribunal para considerar sus planteamientos. A tales efectos, valga recordar que el Tribunal de Circuito de Apelaciones, como todo tribunal en Puerto Rico, goza de la característica de ser uno rogado. Esto significa que para entrar a resolver las controversias surgidas en los diferentes procesos judiciales, las partes con interés y derecho tienen, por necesidad, que pedirle a los tribunales que intervengan en el asunto que les interesa resolver. *Pérez Suárez v. Departamento de la Familia*, Op. de 17 de febrero de 1999, **99 J.T.S. 15,** a la pág. 581. Esto se logra mediante la presentación oportuna de los diferentes recursos de apelación, *certiorari* o revisión. Asimismo, es necesario que dichos recursos sean perfeccionados, según lo exigen la ley y el Reglamento de este Tribunal. *Pérez Suárez v. Departamento de la Familia, supra*. Entre otras, las partes que solicitan nuestra intervención tienen que acreditar clara y fehacientemente nuestra jurisdicción en los procedimientos. *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979).

De otro modo, con relación a la antes citada disposición de ley, se ha resuelto que la misma debe. interpretarse de forma liberal haciendo un balance de los intereses en conflicto, en particular e inclinando la balanza a favor de que los pleitos se resuelvan en sus méritos. *Neptune Packing Corp. v. Wakenhut Corp.*, 120 D.P.R. 283, 293 (1988); *Banco Central Corp. v. Gelabert Alvarez*, 131 D.P.R. 1005, 1007 (1992); *Imp. Vilca v. Hogares Crea*, 118 D.P.R. 679, 687 (1987). Se ha resuelto, además, la necesidad de que el promovente de la solicitud de relevo de sentencia, mediante el uso de la Regla 49.2, *supra*, haya sido diligente en el trámite de su caso. *Neptune Packing Corp. v. Wakenhut Corp., supra*. Es decir, si hay falta de diligencia y ello motiva o es parte de la causa por la cual se dicta la sentencia, ello perjudica la pretensión del que solicita el relevo de la misma. *González v. González*, 76 D.P.R. 18, 21 (1954); *Díaz v. Tribunal Superior*.

La moción de relevo de sentencia, bajo la Regla 49.2, *supra*, no puede utilizarse como sustituto del recurso de apelación o revisión de sentencia. *Pratts González v. Mendoza Hernández*, **96 D.T.A. 68**. No puede usarse para atacar una resolución de la cual el promovente del relevo de sentencia no solicitó oportuna reconsideración. *Pratts González v. Mendoza Hernández, supra*. Dicha moción no sirve para obtener un remedio para un error jurídico del tribunal. *Pratts González v. Mendoza Hernández, supra*. Tampoco se puede hacer uso de un *certiorari* para revisar la denegatoria de una moción de relevo de sentencia, para revisar los méritos de una denegatoria de moción de desestimación, de la cual la parte no recurrió a tiempo. *Forsyth v. The Adherence Group*, **96 D.T.A. 150**.

Según expusimos en el trasfondo fáctico que antecede, la peticionaria pretende dejemos sin efecto una sentencia previa, de la cual no solicitó una oportuna apelación faltando, así, a la diligente tramitación de su caso. Es por ello que, aun aplicando liberalmente el mecanismo dispuesto por la Regla 49.2, *supra*, no podemos reconocer sea utilizada como sustituto de una reconsideración o del recurso de apelación, cuando los plazos dispuestos para ello han expirado. *Olmeda Nazario v. Sueiro Jiménez*, 123 D.P.R. 294, 299 (1989). *Rodríguez v. Tribunal Superior*, 102 D.P.R. 290, 291 (1974). Obsérvese, además, que los tribunales apelativos carecen de

jurisdicción para considerar una moción bajo esta regla cuando el fin que se persigue es revocar una sentencia que ha advenido final y firme, *González v. Chávez*, 103 D.P.R. 474, 476 (1975), y no medió una adecuada interrupción de los términos dispuestos para solicitar la revisión o apelación de la sentencia aludida. *Pacheco García v. Mercado Peña*, 95 D.P.R. 917, 919 (1968).

En mérito a lo expuesto, denegamos la expedición del auto solicitado pr carecer de jurisdicción para entender en el mismo.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General