ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **CAPITAL MANAGEMENT GROUP, LLC como agente de JEFFERSON CAPITAL SYSTEMS, LLC**<br><br>Recurrido<br><br>v.<br><br>**AWILDA ORTIZ RODRÍGUEZ**<br><br>Peticionaria | TA2026AP00022 | **Apelación** acogida como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.:<br>**LP2025CV00055**<br><br>Sobre:<br>Cobro de Dinero (Ordinario) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de marzo de 2026.

Comparece ante nos la señora Awilda Ortiz Rodríguez (en adelante, señora Ortiz Rodríguez o peticionaria) y solicita la revocación del pronunciamiento emitido y notificado el 8 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Humacao (en adelante, TPI). Mediante la decisión aquí recurrida, el TPI declaró *no ha lugar* a la solicitud de relevo de sentencia instada por la peticionaria.

Por los fundamentos que se expondrán a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

Surge del expediente que, el 31 de marzo de 2025, Capital Management Group, LLC (en adelante, Capital Management o recurrido) incoó una *Demanda* sobre cobro de dinero contra la señora Ortiz Rodríguez. Alegó que esta le adeudaba una cantidad de $18,120.58, la cual era líquida y exigible.

La señora Ortiz Rodríguez fue emplazada personalmente el 16 de mayo de 2025. Sin embargo, esta no contestó la demanda. A raíz de esto, el 23 de junio de 2025, el foro recurrido dictaminó una *Orden* para que Capital Management informara su proceder.

Entonces, el 2 de julio de 2025, Capital Management presentó una *Solicitud de Anotación de Rebeldía y Sentencia*. Así, el foro primario enunció una *Sentencia* en rebeldía el 7 de julio de 2025, por medio de la cual se le ordenó a la señora Ortiz Rodríguez a satisfacer la cantidad exigida en la demanda.

El 7 de agosto de 2025, la señora Ortiz Rodríguez presentó una *Moción en Solicitud de Relevo de Sentencia*. Arguyó que su anotación de rebeldía era improcedente porque la solicitud no se le notificó correctamente. Asimismo, puntualizó que la deuda no era líquida porque se le habían cobrado tres (3) cuantías distintas; por lo tanto, el foro recurrido debía celebrar una audiencia para precisar la verdadera cantidad adeudada.

Al próximo día, el 8 de agosto de 2025, la señora Ortiz Rodríguez acudió ante este Foro, argumentando que la deuda era ilíquida. El 14 de noviembre de 2025, mediante una *Sentencia* en el recurso TA2025AP00284, un Panel Hermano determinó que nuestra intervención en el pleito sería prematura. En consecuencia, desestimó el recurso por falta de jurisdicción.

Así las cosas, el 18 de noviembre de 2025, el TPI notificó una *Orden* para que Capital Management se expresara en veinte (20) días sobre el petitorio de relevo de sentencia instado por la señora Ortiz Rodríguez. En cumplimiento con lo ordenado, Capital Management presentó su oposición el 4 de diciembre de 2025. Reiteró que la anotación de rebeldía procede, según la Regla 45 de las de Procedimiento Civil, *infra*, contra quienes no presentan una alegación responsiva, a pesar de ser emplazados conforme a derecho. Asimismo, sostuvo que las cantidades disparejas en los

documentos del expediente se deben a la existencia de dos (2) cuentas distintas a nombre de la señora Ortiz Rodríguez que fueron adquiridas por Capital Management, y, además, porque se realizó un pago que redujo el crédito por $210.00., para un total de $18,120.58; por ello, la deuda era líquida y exigible.

Finalmente, el foro recurrido emitió otra *Orden* notificada el 8 de diciembre de 2025. Mediante esta, declaró no ha lugar a la moción de relevo de sentencia de la señora Ortiz Rodríguez.

Insatisfecha, el 7 de enero de 2026, la señora Ortiz Rodríguez acudió ante este foro revisor mediante una *Apelación*, señalando la comisión del siguiente error:

> Erró el Honorable Tribunal de Humacao al emitir una Sentencia en Rebeldía en cuanto a la demanda presentada por la parte recurrida-demandante. Toda vez que la demanda trata sobre una reclamación de cobro de dinero y dicha reclamación envuelve fijar el importe líquido de una cuantía y el Tribunal de Primera Instancia viene obligado a evaluar ambas reclamaciones en sus méritos.

El 19 de febrero de 2026, Capital Management compareció mediante su *Oposición a la Expedición del Auto de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019). Las resoluciones u

órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Este tipo de recurso debe evaluarse bajo los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), sobre los criterios para la expedición del auto de *certiorari.* Véase *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**B.**

Sabido es que la figura jurídica de la rebeldía se define como la posición procesal en la que se coloca a la parte que ha dejado de cumplir con un deber procesal o de ejercitar su derecho de defenderse. Regla 45 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.[2] El propósito aspirado por la anotación de rebeldía es disuadir

---

[2] Véase J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Ed. Publicaciones JTS, 2011, T. IV, pág. 1337.

a que las partes incurran en prácticas dilatorias como estrategia litigiosa. *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221, 228 (2023); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

La Regla 45.1 de las de Procedimiento Civil, *supra*, expone las situaciones en las cuales procede la anotación de rebeldía, a saber:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.

> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

La antedicha regla provee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no expone alegación o defensa alguna contra las alegaciones y el remedio solicitado. Además, aplica como sanción en aquellas instancias en las que alguna parte en el pleito ha incumplido con alguna orden del tribunal. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 589 (2011). Una consecuencia de la anotación de rebeldía es la facultad del tribunal para dictar una sentencia en rebeldía. Regla 45.2 de las de Procedimiento Civil, *supra*.

La anotación o denegatoria de anotación de rebeldía depende de que se hayan satisfecho los requisitos que establece la referida Regla 45.1 de las de Procedimiento Civil, *supra*. La rebeldía es un mecanismo procesal discrecional para el foro primario, pero no se puede ejercer burda o injustamente. Así, la anotación de rebeldía o un dictamen en rebeldía contra una parte como sanción por su

incumplimiento con una orden del tribunal debe desarrollarse dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Díaz v. Tribunal Superior*, 93 DPR 79 (1966). Cuando se le anota la rebeldía a una parte, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado contra el rebelde y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590, citando a *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809 (1978).

En lo concerniente, la Regla 45.3 de las de Procedimiento Civil, *supra*, dispone que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de dichas Reglas. *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982). La parte podría presentar evidencia de circunstancias que, a juicio del tribunal, demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 593.

Es menester acentuar, que la notificación de la anotación de rebeldía es innecesaria si el rebelde no ha comparecido al pleito previamente. González v. Chávez, 103 DPR 474, 476 (1975). Esto es porque la anotación de rebeldía implica la renuncia a toda notificación posterior. Empero, en el contexto de un cobro de dinero, si la deuda es ilíquida, resulta necesaria la celebración de una audiencia para precisar la cuantía; lo cual sí, como cuestión de debido proceso de ley, haría conveniente la notificación al rebelde. Véase J.A. Cuevas Segarra, *Tratado de Derecho Procesal*

*Puertorriqueño*, San Juan, Ed. Publicaciones JTS, 2000, T. II, pág. 752-757.

Ahora, por ser contrarias a la política pública relativa a que los casos se ventilen en los méritos, las sentencias dictadas en rebeldía no son totalmente favorecidas por nuestro ordenamiento. J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Pubs. JTS, 2011, T. IV, pág. 1349. Por lo tanto, la interpretación de esta regla debe ser liberal, lo que implica que cualquier duda se debe resolver a favor de dejar sin efecto la sentencia emitida para que el caso se pueda adjudicar en los méritos. *Vázquez v. López*, 160 DPR 714, 726 (2003).

### C.

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil le permite a una parte solicitar el relevo de los efectos de una sentencia dictada previamente en su contra. *López García v. López García*, 200 DPR 50, 59 (2018). El relevo de sentencia es un mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen con el objetivo de hacer justicia. *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 479 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977). Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. *Pérez Ríos et al. v. CPE,* 213 DPR 203 (2023); *Vázquez v. López,* 160 DPR 714, 725 (2003).

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, regula este remedio. La misma dispone que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) Error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

[…]

(c) fraude;

(d) nulidad de la sentencia

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(1) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

[…]

La persona que solicita el relevo de una sentencia está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla referenciada. *Reyes v. E.L.A. et al.,* 155 DPR 799, 809 (2001). Igualmente, si la parte que solicita el relevo aduce de una buena defensa y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540 (2010). Ahora bien, este mecanismo no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. *Íd.,* pág. 541.

Este mecanismo tiene una función dual: adelantar el interés de que los casos se resuelvan en sus méritos, haciéndose justicia sustancial y, por otra parte, finalizar los pleitos. *HRS Erase v. CMT*, 205 DPR 689, 698 (2020); *García Colón et al v. Sucn. González*, 178 DPR 527, 540 (2010).[3] También, se ha establecido que lo dispuesto en la Regla 49.2 de las de Procedimiento Civil, *supra*:

> [...] aplica sólo en aquellas raras instancias en que existe un error jurisdiccional o una violación al debido proceso de ley que privó a una parte de la notificación o de la oportunidad de ser oída. Esta regla no provee a las partes licencia para dormirse sobre sus derechos. López García v. López García, supra, pág. 61, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, pág. 1415.

De ordinario, la determinación de relevar a una parte de los efectos de una sentencia está supeditada a la discreción del foro sentenciador. Sin embargo, ello encuentra su excepción en los casos de nulidad o cuando la sentencia ha sido satisfecha. *López García v. López García*, supra; *García Colón et al. v. Sucn. González*, supra. La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. *HRS Erase v. CMT*, supra, pág. 699.

Como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT*, supra, pág. 698. Este término es de naturaleza fatal en su acción extintiva del derecho. *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981). Por ende, transcurrido este plazo, no puede adjudicarse la solicitud de relevo. *García Colón et al v. Sucn. González*, supra, pág. 543; *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996). No obstante, tales normas ceden ante una sentencia que adolece de nulidad. *HRS Erase v.*

---

[3] Véase, además, *Oriental Bank v. Pagán Acosta y otros*, 2024 TSPR 133, 215 DPR ___ (2024) (Sentencia).

*CMT*, supra, pág. 698, citando a *Rivera v. Algarín*, 159 DPR 482, 490 (2003).

Es importante consignar que, una moción de relevo de sentencia no puede sustituir los recursos procesales de reconsideración o apelación. *Vázquez v. López,* supra, pág. 726; *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). Sin embargo, en ciertas instancias puede concederse aún después de que la sentencia haya advenido final y firme. *Piazza v. Isla del Río, Inc.,* supra*; Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 328 (1997).

Reiteradamente, se ha establecido que el remedio de reapertura "no es una llave maestra para reabrir a capricho el pleito ya adjudicado". *Piazza v. Isla del Río, Inc.*, supra, pág. 449.  Por ello, debemos enfatizar que, aunque la reapertura existe en bien de la justicia, esta no constituye una facultad judicial absoluta, toda vez que a este mecanismo procesal se le contrapone la finalidad fundamental de certeza y estabilidad en los procedimientos judiciales, así como la rápida adjudicación de las controversias.  Consecuentemente, les corresponde a los tribunales establecer un balance adecuado entre ambos intereses. *Íd.; Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457-458 (1974).

### III.

En su recurso, la peticionaria esencialmente arguye que el foro primario incidió al anotarle la rebeldía cuando la demanda trata sobre un cobro de dinero de una deuda ilíquida que requiere que se fije la cuantía en una audiencia, por lo cual el foro recurrido debe sopesar ambas posturas en sus méritos.

Por su parte, el recurrido alega que el TPI no estaba impedido de anotarle la rebeldía a la peticionaria o para disponer del caso porque la deuda reclamada era líquida y exigible. Puntualizó que las diferencias en cuantías habidas en el expediente se debían a dos

razones: una cantidad correspondía a otra cuenta a nombre de la señora Ortiz Rodríguez que es irrelevante para el presente litigio y las otras dos representaban la cuenta correspondiente al recurso de epígrafe, la número 406095625164331, perteneciente a Capital Management. Expresaron que la suma original de lo debido era de $18,330.54, pero que la diferencia en $210.00 se debió a unos pagos realizados por la propia peticionaria que redujeron la deuda a $18,120.58, los cuales se reclaman hoy día judicialmente. Por último, enfatiza que la señora Ortiz Rodríguez fue debidamente emplazada y esta no compareció ante el TPI. *Le asiste la razón.*

Tras un análisis ponderado del tracto procesal del caso, colegimos que no se cometió el error apuntalado por la peticionaria y, por ende, acordamos no intervenir con la discreción del foro primario.

La peticionaria solicitó el relevo de sentencia sustentada en el hecho de que la deuda es ilíquida y que el TPI debe evaluar así ambas posturas en sus méritos, de acuerdo con la Regla 49.2 de las de Procedimiento Civil, *supra.* Al examinar el expediente, notamos que la deuda de $18,120.54 es fácilmente constatable y, por tanto, líquida. Por ello, la celebración de una vista de determinación de cuantía sería redundante y dilataría innecesariamente la administración de la justicia.

Concluimos que no se acredita alguna de las razones establecidas en la Regla 49.2 de las de Procedimiento Civil, *supra,* para que el tribunal pueda relevar a una parte o a su representante legal de una sentencia. Es preciso puntualizar que, la precitada regla no es "una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada". *Reyes v. E.L.A. et al.,* supra, pág. 809, citando a Cuevas Segarra, *Tratado de derecho procesal civil,* pág. 783 y *Ríos v. Tribunal Superior,* 102 DPR 793, 794 (1974).

Ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* procede denegar la expedición del auto de *certiorari.*

**IV.**

Por las consideraciones que proceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones