EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pedro Burgos Santiago<br><br>Recurrido<br><br>v.<br><br>Universidad Interamericana de Puerto Rico<br><br>Peticionaria | Certiorari<br><br>2016 TSPR 30<br><br>194 DPR ____ |

Número del Caso: CC-2016-108

Fecha: 22 de febrero de 2016

Tribunal de Apelaciones:

> Región Judicial de San Juan Panel II

Abogado de la parte Peticionaria:

> Lcdo. Vladimir Román Rosario

Abogado de la parte Recurrida:

> Lcdo. Jaime A. Lamboy Riley

Materia: Resolución del Tribunal con Voto Particular (Se incluye Resolución Nunc Pro Tunc)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Burgos Santiago

    Recurrido

      v.                      CC-2016-108     *Certiorari*

Universidad Interamericana
de Puerto Rico

    Peticionaria

RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de febrero de 2016.

Luego de examinar la *Moción en auxilio de jurisdicción* y la *Petición de Certiorari* presentadas por la parte peticionaria, se provee **no ha lugar** a ambas.

Notifíquese inmediatamente por fax o correo electrónico, teléfono y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular.

                 Aida Ileana Oquendo Graulau
                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Burgos Santiago

    Recurrido

       v.                       CC-2016-108       Certiorari

Universidad Interamericana
de Puerto Rico

    Peticionaria

Voto particular emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 22 de febrero de 2016.

Las nuevas disposiciones contenidas en la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, *et seq.*, **según enmendada** (Ley Núm. 2), requerían que este Tribunal aclarara y precisara si los procedimientos postsentencia contenidos en las Reglas de Procedimiento Civil de 2009 están disponibles para los casos tramitados al amparo de ese estatuto. Máxime a la luz de lo expresado por este Tribunal en Aguayo Pomales v. R & G., Mortg., *infra*. Veamos.

I

La Universidad Interamericana de Puerto Rico (Universidad) compareció ante este Tribunal

mediante una oportuna *Petición de Certiorari* en la que cuestionó la Sentencia emitida por el Tribunal de Apelaciones el 16 de diciembre de 2015, notificada el 28 de enero de 2016. Mediante ésta, el foro apelativo intermedio desestimó un recurso de apelación presentado por la Universidad al concluir que carecía de jurisdicción para atenderlo. En síntesis, el Tribunal de Apelaciones resolvió que el mecanismo de reconsideración, dispuesto en la Regla de Procedimiento Civil, 32 LPRA Ap. V, R. 47, resulta inconsistente con la naturaleza del procedimiento sumario dispuesto en la Ley Núm. 2, y sus enmiendas. A su vez, la Universidad presentó una solicitud de auxilio de jurisdicción para paralizar los procedimientos pautados por el Tribunal de Primera Instancia.

Por consiguiente, la controversia planteada se limita a determinar si este tipo de moción postsentencia está disponible antes de que la parte pueda acudir en revisión ante un foro apelativo. Entiendo en la negativa. Me explico.

II

La norma reiterada establece que el procedimiento sumario en los casos de reclamaciones laborales tiene como finalidad proveer un mecanismo procesal que aligere estos trámites, con el fin de implantar la política pública del Estado de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero despedido

con medios económicos para su subsistencia. Izagas Santos v. Family Drug Center, 182 DPR 463 (2011); Piñero v. AAA, 146 DPR 890 (1998); Rivera v. Insular Wire Products Corp., 140 DPR 912 (1996); Mercado Cintrón v. Zeta Com., Inc., 137 DPR 737 (1994).

La política enunciada ha sido avalada en numerosas ocasiones al destacarse la importancia de la celeridad de los procedimientos en los casos de reclamaciones al amparo de la Ley Núm. 2. Izagas Santos v. Family Drug Center, supra, Lucero v. San Juan Star, 159 DPR 494 (2003). Ello, precisamente, es el propósito fundamental de haberse aprobado la Ley Núm. 2. Dávila Rivera v. Antilles Shipping, Inc., 147 DPR 483 (1999); 14 (Núm. 1) Diario de Sesiones de la Asamblea Legislativa (Extraordinaria) (1961). Por tanto, el norte de las decisiones jurídicas en estos procesos consiste en no permitir que las partes desvirtúen dicho carácter especial y sumario. Dávila Rivera v. Antilles Shipping, Inc., supra, pág. 43.

Ahora bien, en cuanto a la aplicabilidad de las Reglas de Procedimiento Civil al trámite al amparo de la Ley Núm. 2, debemos recalcar que ésta dispone que "se aplicarán las Reglas de Procedimiento Civil en todo aquello que **no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido**". 32 LPRA sec. 3120. Énfasis suplido. Para determinar si procede aplicar una norma

procesal específica, resulta necesario examinar si la regla procesal civil implicada es conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento. Díaz v. Hotel Miramar Corp., 103 DPR 314, 321 (1975).

Al particularizar el asunto ante nuestra consideración, destacamos que en Aguayo Pomales v. R & G, Mortg., 169 DPR 36 (2006), concluimos que una moción de determinaciones de hechos y conclusiones de derecho adicionales podía ser presentada en un procedimiento instado al amparo de la entonces vigente Ley Núm. 2. Al así resolverlo, concedimos relevancia al hecho de que, en aquel momento, la Sec. 2 de la Ley Núm. 2, 32 LPRA sec. 3129 (2004), disponía que el procedimiento de revisión sería conforme al **trámite ordinario.** Destacamos que ello implicaba que, conforme a las Reglas de Procedimiento Civil, entre los procedimientos postsentencia disponibles se encuentra la moción de determinaciones de hechos y derecho adicionales. Íd. págs. 46-47. En ese raciocinio, entendimos que ésta se encuentra disponible para los procedimientos instados al amparo de la Ley Núm. 2.

La moción de reconsideración, al igual que la moción de determinaciones de hechos adicionales, es un mecanismo postsentencia para que una parte permita al foro sentenciador corregir lo que entiende es un error en la adjudicación. Así, se podría sostener que, a la

luz de lo resuelto en <u>Aguayo Pomales v. R & G, Mortg.</u>, *supra*, la moción de reconsideración también está disponible para este tipo de procedimientos. Empero, posterior a lo resuelto por este Tribunal, la Ley Núm. 2 sufrió unas enmiendas sustanciales al aprobarse la Ley Núm. 133-2014 que conlleva un efecto real sobre lo antes resuelto. Veamos.

Al aprobarse la Ley Núm. 133-2014, el legislador destacó la política pública enmarcada en ésta a los efectos de "lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por empleados en contra de sus patronos". Véase, Exposición de Motivos Ley Núm. 133-2014. Por ello, mediante la Ley Núm. 133-2014 se acortaron los términos jurisdiccionales para solicitar revisión bajo el procedimiento sumario. Éstos comienzan a transcurrir desde la notificación de la sentencia dictada por el foro primario, sin sujetar tal término al trámite ordinario. Véase, 32 LPRA secs. 3121 y 3127. Cónsono con ello, la Ley Núm. 133-2014 **derogó** las disposiciones contenidas en la Sec. 12 de la Ley Núm. 2 concernientes a que el trámite de revisión sería "conforme al procedimiento ordinario". Así, la política enmarcada quedó meridianamente clara en que estos casos por "su naturaleza y finalidad, requieren ser resueltos a la brevedad posible". Véase, Exposición de Motivos Ley Núm. 133-2014.

Por tanto, la realidad jurídica enunciada establece de forma inequívoca el precepto de rapidez en el trámite judicial y procede aplicar los términos conforme allí establecidos. Mercado Cintrón v. Zeta Com., Inc., 135 DPR 737 (1994). La Ley Núm. 133-2014 extendió la importancia de la celeridad a los procesos de revisión en etapa apelativa. De esta forma, limitó el uso de los mecanismos postsentencia para dilatar la adjudicación final de estas controversias.[1]

Las Reglas de Procedimiento Civil de 2009, a diferencia de las anteriores, exigen que tanto la moción de reconsideración como la de determinaciones de hechos y derecho adicionales se presenten conjuntamente. 32 LPRA Ap. V., R. 43.1. Asimismo, ambos mecanismos paralizan los procedimientos de revisión en alzada hasta que el foro primario las atienda. Véase, 32 LPRA Ap. V., R. 43.1 y 47. La consecuencia de esa paralización trastoca la política pública claramente enunciada al aprobarse la Ley Núm. 133-2014. Por ende, no podemos avalar el reclamo de la Universidad a los efectos de que estos mecanismos están disponibles para el proceso sumario de la Ley Núm. 2. Ello sería contrario y estaría en conflicto palpable con el ideal de proveer un remedio

---

[1]En cuanto a una solicitud de relevo de sentencia, recordamos que la Ley Núm. 2 expresamente permite la misma, si se presenta en un término jurisdiccional de sesenta días de notificada la sentencia a las partes y bajo juramento. Véase, 32 LPRA sec. 3124.

rápido y eficaz en contravención al espíritu del procedimiento sumario laboral.[2] Claro está, lo anterior no limita la facultad del tribunal sentenciador de reconsiderar *motu proprio* su decisión antes de que culminen los términos para ir en alzada o se haya presentado el correspondiente recurso al Tribunal de Apelaciones.

Ante tal realidad, considero que este Tribunal debió atender con celeridad el recurso para interpretar y concluir que este tipo de remedio postsentencia no está disponible para el procedimiento sumario laboral de la Ley Núm. 2. De tal forma, se atemperaría la norma jurídica a las enmiendas introducidas a la Ley Núm. 2. Por lo anterior, entiendo que este Tribunal perdió la oportunidad de pautar Derecho e imprimirle la mayor certeza posible.

Luis F. Estrella Martínez
Juez Asociado

---

[2] A modo de ejemplo, en el caso de autos fue casi al año de dictada la Sentencia Parcial que el Tribunal de Primera Instancia denegó la moción de reconsideración presentada por la Universidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Burgos Santiago

    Recurrido

      v.                        CC-2016-108     *Certiorari*

Universidad Interamericana
    de Puerto Rico

    Peticionaria

RESOLUCIÓN
(*Nunc Pro Tunc*)

En San Juan, Puerto Rico, a 24 de febrero de 2016.

Se enmienda *nunc pro tunc* nuestra Resolución de 22 de febrero de 2016, al fin único de hacer constar la siguiente expresión emitida por el Juez Asociado señor Martínez Torres:

"Este caso se tramita mediante el procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* En el pasado hemos resuelto que no se favorece la revisión interlocutoria en procesos sumarios al amparo de la Ley Núm. 2 , íd. Véanse, por ejemplo, <u>Ortiz v. Holsum</u>, 190 DPR 511 (2014); <u>Dávila Rivera v. Antilles Shipping, Inc.</u>, 147 DPR 483 (1999). Se busca evitar la interrupción de los procedimientos en el Tribunal de Primera Instancia. En un caso como este en el que se dictó sentencia parcial pero el caso continúa ante el foro primario, debemos, de igual modo, tratar de que no se interrumpan los procesos. Expedir el auto de *certiorari* **en esta etapa para confirmar** al Tribunal de Apelaciones choca con el carácter sumario de este caso laboral, pues interrumpe el trámite

pero no altera la responsabilidad de la parte peticionaria, según lo resuelto en la sentencia parcial. No me parece práctico interrumpir el proceso para resolver precisamente que este no se debe interrumpir. Por eso y para no perjudicar a la parte recurrida que tiene derecho por ley a un remedio rápido, prefiero esperar un caso más apropiado para pautar si la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, interrumpe el plazo para recurrir al foro intermedio".

Notifíquese inmediatamente por fax o correo electrónico, teléfono y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo