EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Javier Flores Reyes<br><br>Recurrido<br><br>v.<br><br>Prestress Manufacturing Corp.<br><br>Peticionario | 2026 TSPR 53<br><br>218 DPR ___ |

Número del Caso:  CC-2025-0135


Fecha:  18 de mayo de 2026


Tribunal de Apelaciones:

    Panel III


Representantes legales de la parte peticionaria:

    Lcda. Kayra A. Dávila Torres
    Lcdo. Jaime L. Sanabria Montañez
    Lcda. Yelitza Rivera Aponte


Representante legal de la Parte Recurrida:

    Lcdo. Juan M. Frontera-Suau


Materia: Derecho Laboral y Procedimiento Civil – Incompatibilidad de una moción de reconsideración con el procedimiento sumario laboral; efecto de la presentación de una moción de relevo de sentencia en un procedimiento instado al amparo de la Ley Núm. 2 en cuanto a la interrupción de los términos prescriptivos.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Javier Flores Reyes

    Recurrido

       v.           CC-2025-0135     Certiorari

Prestress Manufacturing
Corp.

    Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 18 de mayo de 2026.

En esta ocasión nos corresponde atender varias interrogantes que surgieron de una *Querella* presentada al amparo del procedimiento sumario laboral provisto por la Ley Núm. 2 de 17 de octubre de 1961, *infra,* a raíz de un alegado despido injustificado, según descrito por la Ley Núm. 80 de 30 de mayo de 1976, *infra*, y en alegadas represalias conforme a la Ley Núm. 115 de 20 de diciembre de 1991, *infra*. En específico, repasaremos la normativa sobre la presentación de una moción de reconsideración bajo la Ley Núm. 2, *supra*. Además, evaluaremos cómo y cuándo la moción de relevo de sentencia puede afectar los términos prescriptivos.

Por los fundamentos que expondremos a continuación, concluimos que: (1) el procedimiento sumario es incompatible con las mociones de reconsideración; y que (2) en los casos tramitados al amparo de la Ley Núm. 2 de 17 de octubre de 1961, *infra*, la mera acción de presentar una moción de relevo no tiene el efecto de interrumpir los términos prescriptivos, salvo cuando el resultado de la moción sea favorable para el peticionario.

Con lo anterior en mente, procedemos a exponer el trasfondo fáctico y procesal que originó la controversia ante nuestra consideración. Veamos.

I

La relación laboral entre el Sr. Javier Flores Reyes (señor Flores Reyes o Recurrido) y su antiguo patrono, Prestress Manufacturing Corp. (Prestress o Peticionaria), se originó a finales de la década de los noventa. No obstante, luego de renunciar en varias ocasiones y por distintas razones, el 11 de agosto de 2014, Prestress contrató nuevamente al señor Flores Reyes, en esta ocasión para que ejerciera el puesto de Gerente de Planta. Sin embargo, por el alegado resultado de una reorganización, el 3 de agosto de 2017, la Peticionaria prescindió de los servicios del señor Flores Reyes.

En desacuerdo con los fundamentos que Prestress le brindó para su despido, **el 12 de marzo de 2018 el Recurrido presentó ante el Tribunal de Primera Instancia una primera *Querella* en contra de su antiguo patrono** por despido injustificado al amparo de la Ley Núm. 80 de 30 de mayo de 1976, *infra*, y en represalias conforme a la Ley Núm. 115 de 20 de diciembre de 1991, *infra*.

El 7 de noviembre de 2022, transcurridos varios años desde la presentación de la primera *Querella* y, luego de una serie de advertencias que surgieron por la inactividad del Recurrido, el foro de primera instancia dictó una sentencia en la que desestimó sin perjuicio la acción instada por el señor Flores Reyes. A su vez, **la notificación de esta determinación se efectuó el 9 de noviembre de 2022;** iniciando así el término jurisdiccional de 10 días para interponer un recurso de apelación conforme a lo dispuesto en la Ley Núm. 2 de 17 de octubre de 1961, *infra*.

No obstante lo anterior, **el 28 de noviembre de 2022, ya advenida final y firme la sentencia emitida por el Tribunal de Primera Instancia, el Recurrido presentó un escrito titulado** *Moción de Reconsideración y/o Relevo de Sentencia*. Allí, el señor Flores Reyes expresó que su reiterado incumplimiento con las órdenes del tribunal surgió a raíz de un percance de salud de su representación legal, lo cual imposibilitó su comparecencia.

Consecuentemente, el juzgador del foro de primera instancia le concedió a Prestress "hasta el 15 de enero de 2023 para replicar la Solicitud de Reconsideración del querellante". Sin embargo, el Peticionario optó por no expresar su postura respecto a la solicitud del Recurrido. Dicha acción, a su vez, no favoreció al señor Flores Reyes, puesto que el 18 de agosto de 2023, el Tribunal de Primera Instancia **denegó su moción de relevo**.

Así las cosas, **el 15 de febrero de 2024 (trascurridos cerca de 14 meses desde que adviniera final y firme la sentencia**

**dictada por el foro de primera instancia en la primera *Querella*), el señor Flores Reyes presentó una segunda *Querella* en contra de Prestress por fundamentos idénticos a los expuestos en la *Querella* inicial.**

En su alegación responsiva a esta nueva *Querella*, Prestress incluyó como defensa afirmativa la prescripción total o en parte de las reclamaciones instadas por la parte querellante. Además, **la Peticionaria presentó una *Solicitud de Desestimación por Prescripción con relación a la Ley Núm. 80-1976 sobre Despidos Injustificados* en la que argumentó que el foro de primera instancia carecía de jurisdicción para atender el planteamiento referente a la Ley Núm. 80 de 30 de mayo de 1976, *infra*.** Lo anterior se debió a que, conforme al Art. 12 de la referida ley, el señor Flores Reyes tenía la obligación de presentar la segunda Querella dentro del término de un año, contado a partir de la desestimación de la *Querella* original.

En desacuerdo con los señalamientos de Prestress, el Recurrido presentó una *Moción en Oposición a la Desestimación,* en la que expresó que, una vez que el Tribunal de Primera Instancia acogió y se expresó respecto a la Moción de Reconsideración y/o Relevo de Sentencia que este presentó el 28 de noviembre de 2023*,* referente a la primera *Querella*, se interrumpió el término prescriptivo de un año dispuesto en la Ley Núm. 80 de 30 de mayo de 1976, *infra*. Así, pues, según alegó el señor Flores Reyes, el término prescriptivo no comenzó a transcurrir hasta que el Tribunal de Primera Instancia tomó

una determinación respecto a la moción de relevo de sentencia, sin importar el resultado de dicha determinación.

Expuestas ambas posturas, el juzgador del foro de primera instancia emitió una *Resolución Interlocutoria* en la que denegó la solicitud de desestimación que presentó Prestress. Por esta razón, la Peticionaria recurrió ante el Tribunal de Apelaciones y señaló que el foro de primera instancia erró al no desestimar la causa de acción que surge al amparo de la Ley Núm. 80 de 30 de mayo de 1976, *infra*, dado que, según su parecer, no tenía jurisdicción para atenderla por estar prescrita.

No obstante lo anterior, los reclamos de la Peticionaria resultaron nuevamente infructuosos. Ello debido a que el foro apelativo intermedio emitió una *Resolución* en la que denegó atender los planteamientos de Prestress basándose en que, según dicho foro, ni el remedio, ni la disposición de la resolución recurrida son contrarios a derecho.

Inconforme con la determinación del Tribunal de Apelaciones, Prestress acudió ante nos mediante un recurso de *certiorari*. En este, alegó que el foro recurrido erró al no decretar la desestimación de la segunda *Querella* presentada por el señor Javier Flores, a pesar de estar prescrita. Sostuvo, por ende, que la *Moción de Reconsideración y/o Relevo de Sentencia* presentada por el Recurrido en la primera *Querella*, la cual fue denegada, no interrumpió ni suspendió los términos prescriptivos. Asimismo, la Peticionaria señaló que erró el foro apelativo intermedio al no concluir que: (1) las solicitudes de reconsideración no están permitidas bajo el Procedimiento Sumario Laboral de la Ley Núm. 2-1961; (2) las

mociones de relevo de sentencia denegadas no interrumpen ni suspenden los términos prescriptivos; (3) el Recurrido no expuso eficazmente los motivos que fundamentaban su moción de relevo; y (4) el incumplimiento con lo anterior ocasiona que la acción esté prescrita.

Expuesto el cuadro fáctico, procederemos a repasar la doctrina jurídica atinente a la controversia planteada.

## II

### A. Procedimiento Sumario de Reclamaciones Laborales

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2), 32 LPRA sec. 3118 *et seq.*, se creó con el fin de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados. La esencia de dicho trámite "es proveer un mecanismo procesal judicial que logre la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, principalmente en casos de reclamaciones salariales y beneficios".[1]

Este procedimiento de naturaleza sumaria es el recurso principal "para la implantación de la política pública del Estado de proteger el empleo, desalentando el despido sin justa causa y proveyendo al obrero así despedido los medios económicos para la subsistencia de éste y de su familia, en la etapa de

---

[1] *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996). Véase, también, *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008).

transición entre empleos".[2] Por medio de este procedimiento sumario "[s]e promueve la protección de los derechos del empleado, quien ha perdido su fuente de ingresos o ha sido privado de sus derechos".[3]

Las particularidades de este estatuto se han examinado hasta la saciedad. Sin embargo, a modo de repaso, algunas de las novedades que introdujo la Ley Núm. 2, *supra*, en las acciones laborales son las siguientes:

> (1) [t]érminos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo.[4]

De una evaluación somera de los avances que incorpora la Ley Núm. 2, *supra*, en la tramitación de las causas de acción, se refleja el espíritu de agilidad que fomenta. En la misma línea y, en aras de flexibilizar los procesos, la propia Ley Núm. 2, *supra*, dispone que las Reglas de Procedimiento Civil aplicarán supletoriamente en todo aquello que no esté en

---

[2] *Rivera v. Insular Wire Products Corp.*, supra, pág. 923. Véanse, también, *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011); *Mercado Cintrón v. Zeta Com., Inc.*, 135 DPR 737 (1994).

[3] *León Torres v. Rivera Lebrón*, 204 DPR 20, 33 (2020).

[4] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016), citando a *Rivera v. Insular Wire Products Corp.*, supra, págs. 923-924.

conflicto con las disposiciones específicas de esta o con el carácter sumario del procedimiento especial establecido en la referida legislación.[5]

Cabe destacar que lo anterior se determinará evaluando si la regla en cuestión es "conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento".[6] Con ello en mente, adentrémonos en la evaluación de si las mociones de reconsideración constituyen una de las instancias en las que el procedimiento sumario debe apartarse de las Reglas de Procedimiento Civil.

### i. Moción de reconsideración

Es sabido que la moción de reconsideración es la herramienta provista por nuestro ordenamiento jurídico para que una parte adversamente afectada solicite al tribunal que modifique o deje sin efecto una sentencia, resolución u orden.[7] Así, por virtud de este mecanismo, el tribunal que dictó la sentencia o resolución tiene la oportunidad de rectificar cualquier error en el que hubiese incurrido.[8]

De ordinario, en nuestro ordenamiento jurídico se favorece la concesión de este tipo de solicitud. Ello se debe a que, con su utilización, se le brinda al foro sentenciador

---

[5] 32 LPRA sec. 3120.

[6] *Peña Lacern v. Martínez Hernández et. al*, 210 DPR 425 (2022) citando a *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 321 (1975).

[7] *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 24 (2011). Véase, también, J. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1366.

[8] *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 996 (2015); J. Echevarría Vargas, *Procedimiento civil puertorriqueño*, San Juan, [Ed. del autor], 2010, pág. 271.

la oportunidad de corregir sus errores, evitando así que las partes incurran en los gastos que conlleva la presentación de un recurso apelativo.[9] Sin embargo, a pesar de sus múltiples beneficios, lo cierto es que la moción de reconsideración tiene el potencial de dilatar la adjudicación del pleito. Lo anterior debido a que, presentar una moción de reconsideración de manera oportuna interrumpe el término para acudir ante el foro revisor. Específicamente, hasta que se archive en autos copia de la notificación de la resolución en la que se resuelve la moción de reconsideración.[10]

Ahora bien, a pesar del evidente mandato legislativo que favorece la celeridad de la tramitación de las acciones, la Ley Núm. 2, *supra*, guarda silencio sobre la posibilidad de presentar mociones de reconsideración. Por tal razón, este Tribunal se tomó la tarea de llenar ese vacío. En el ejercicio de evaluar la utilización de la moción de reconsideración en una acción instada al amparo del procedimiento sumario laboral, miembros de este Tribunal han expresado que este mecanismo es incompatible con el "[i]deal de proveer un remedio rápido y eficaz" que emana del procedimiento sumario provisto por la Ley Núm. 2, *supra*.[11] Poco después este Tribunal resolvió que, debido a la naturaleza sumaria de los procedimientos al amparo de la

---

[9] R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 395.

[10] Véase Regla 47 de Procedimiento Civil, 32 LPRA Ap. V; *Lagares v. E.L.A.*, 144 DPR 601 (1997).

[11] Véase *Burgos Santiago v. UIPR,* 194 DPR 703 (2016), voto particular emitido por el Juez Asociado señor Luis F. Estrella Martínez.

Ley Núm. 2, *supra*, la figura de la reconsideración interlocutoria es incompatible con dichos procedimientos.[12]

En cuanto a la reconsideración de determinaciones finales, en *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439 (2016), evaluamos precisamente si las sentencias dictadas en un pleito tramitado al amparo del procedimiento sumario laboral pueden ser objeto de reconsideración.[13] Allí, basándonos en los mismos fundamentos que en *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723 (2016), determinamos que la moción de reconsideración de una determinación final es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2, *supra*.[14] En particular, resaltamos que este estatuto persigue evitar dilaciones innecesarias en la rápida resolución de las controversias.

Hacemos hincapié en que este Tribunal ha reiterado lo resuelto en *Patiño Chirino v. Parador Villa Antonio, supra*, en múltiples ocasiones.[15] Así, pues, queda meridianamente claro que las mociones de reconsideración van en contra de la esencia misma del estatuto en cuestión y, por consiguiente, no serán permitidas en aquellos pleitos tramitados bajo el procedimiento sumario laboral provisto por la Ley Núm. 2, *supra*.

---

[12] Véase *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723 (2016).

[13] *Patiño Chirino v. Parador Villa Antonio*, *supra*.

[14] Íd., en la pág. 450.

[15] Véanse *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 807 (2020); *León Torres v. Rivera Lebrón*, *supra*, en la pág. 33; *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018).

### ii. Moción de relevo

Previamente aclaramos que el legislador no se expresó sobre la posibilidad de presentar mociones de reconsideración en una acción instada al amparo del procedimiento sumario laboral; vacío que, a su vez, fue llenado jurisprudencialmente. Contrario a ello, la Ley Núm. 2, *supra*, expone las circunstancias específicas en las que una parte afectada por una sentencia podrá presentar una moción de relevo. Contando así con la posibilidad de presentar la moción en cuestión, procederemos a repasar en qué consiste y cuál será el efecto de presentarla conforme a lo establecido en la ley.

En primer lugar, la moción de relevo es un mecanismo procesal post sentencia que las partes tienen disponible para solicitar al Tribunal de Primera Instancia el relevo de los efectos de una sentencia.[16] Sin embargo, tal y como señalamos en *Peña Lacern v. Martínez Hernández*, 210 DPR 425 (2022), la utilización de esta moción en el contexto del procedimiento sumario laboral diverge en varios aspectos a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap.V.[17] Por ejemplo, una diferencia importante estriba en el término con el que cuentan los promoventes para presentar la referida moción. En un trámite ordinario regido enteramente por las Reglas de Procedimiento Civil, *supra*, las partes cuentan con un término de 6 meses. Contrario a ello y, en respuesta a la intención del legislador de agilizar las reclamaciones de índole laboral, en el procedimiento sumario, la moción de relevo se debe presentar

---

[16] *Piazza v. Isla del Río, Inc.*, 158 DPR 440 (2003).

[17] *Peña Lacern v. Martínez Hernández et al., supra,* en la pág. 437.

en 60 días (comenzados a transcurrir desde la notificación de la sentencia).[18]

Por otro lado, a diferencia de la Regla 49.2 de Procedimiento Civil, *supra*, la Sección 6 de la Ley Núm. 2, *supra*, dispone que, en casos de error, inadvertencia, sorpresa excusable, negligencia [y/o] fraude, la parte promovente de la moción de relevo tendrá que exponer, bajo juramento, los motivos en que se funda su solicitud.[19] Además, el legislador añadió que, en aquellos casos en los que se presente la solicitud fuera del término de 60 días y, sin estar debidamente juramentada, el tribunal la declarará sin lugar de plano.[20]

Aclarado lo anterior, debemos detenernos en el efecto de presentar una moción de relevo que cumple con los requisitos impuestos por la Ley Núm. 2, *supra*. Es decir, que haya sido presentada dentro del término de 60 días posteriores a la notificación de la sentencia y que, además, haya sido juramentada. Superado que la solicitud haya sido presentada conforme a derecho, ¿se afecta la finalidad de la sentencia? Esa interrogante es de suma importancia debido a que, según alegó el señor Flores Reyes, la presentación oportuna de la moción de relevo interrumpió la finalidad de la sentencia y, según este, los términos prescriptivos no se reanudaron hasta tanto el foro de primera instancia resolvió la moción; sin importar el resultado de su solicitud. Adelantamos que el Recurrido erró en su apreciación de la normativa aplicable.

---

[18] Íd. en la pág. 437.

[19] 32 LPRA sec. 3124.

[20] Íd.

Desde *González v. Chávez*, 103 DPR 474 (1975), reconocimos que los dictámenes sobre una moción de relevo de sentencia serán considerados como una resolución y no como una nueva sentencia. A grandes rasgos, esa distinción responde a que "[u]na moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos".[21] Así, pues, **viéndose inalterada la finalidad de la sentencia, la mera presentación de la moción de relevo y el hecho de que el juzgador de instancia la acoja y considere, no implica una interrupción automática de los términos prescriptivos para apelar.**

Por otra parte, aclaramos que, únicamente en aquellos casos en los que la moción de relevo resulte favorable para el promovente, procederá la suspensión de los efectos de la sentencia.[22] Lo anterior responde a que, siendo el promovente exitoso en su solicitud, la sentencia objeto de la moción fue debidamente relevada. Consecuentemente, cuando el juzgador de instancia se enfrenta a una moción de relevo, la única cuestión a resolver es si la parte promovente satisface los requisitos estatutarios y jurisprudenciales.[23] La acción adjudicativa no implica la interrupción automática de los términos para apelar y/o presentar una segunda querella.

---

[21] Regla 49.2 de las de Procedimiento Civil. R. 49.2, 32 LPRA Ap. V. Véase, además, *Bco Santander PR v. Fajardo Farms Corp.,* 141 DPR 237 (1996).

[22] Véase R. Hernández Colón, Derecho Procesal Civil, San Juan, Ed. Michie of P.R., 1996, pág. 308.

[23] Véase *Ortiz v. U. Carbide Grafito, Inc.*, 148 DPR 860 (1999), Opinión concurrente del Juez Asociado señor Negrón García.

### B.  La prescripción extintiva

Existen dos clases de prescripción: la prescripción adquisitiva y la prescripción extintiva. Por virtud de estas, se adquieren o se extinguen los derechos y las acciones. No obstante, en el presente caso nos enfocaremos en la prescripción extintiva. El Art. 1189 del Código Civil de 2020 (31 LPRA sec. 9481) dispone que "[l]a prescripción [extintiva] es una defensa que **se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo**. Las acciones prescriben por el mero lapso del tiempo fijado por ley".[24]

Cónsono con lo anterior, la prescripción extintiva es una figura de derecho sustantivo que extingue el derecho a ejercer una causa de acción por la inacción de una parte durante un tiempo determinado.[25] En suma, tiene el propósito de castigar la inercia y estimular el rápido ejercicio de las acciones.[26] Por tanto, según hemos expresado, el transcurso del tiempo establecido por ley sin que el titular de la acción la reclame, da lugar a una presunción legal de abandono.[27]

Ahora bien, para evitar la extinción de las causas de acción, el Código Civil dispone las formas en que debe interrumpirse el término prescriptivo. En cuanto a los mecanismos de interrupción, el Art. 1197 del Código Civil de 2020, dispone que los términos prescriptivos quedarán

---

[24] Negrilla suplida.

[25] *Birriel Colón v. Econo y otros*, 213 DPR 80 (2023).

[26] *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019).

[27] *Landrau Cabezudo et al. v. Puertos et al.,* 215 DPR ____ (2025), 2025 TSPR 7.

interrumpidos por el ejercicio de la acción ante los tribunales, por reclamación extrajudicial y por cualquier acto de reconocimiento de la obligación por parte del deudor.[28]

Respecto a la presentación de una acción ante un foro judicial, dicha acción tiene el efecto de congelar el término prescriptivo si se presentó oportuna y eficazmente.[29] Sin embargo, **acentuamos que el nuevo término iniciará cuando el proceso judicial culmine efectivamente. Es decir, luego de advenida final y firme la sentencia.**

Por otra parte, en cuanto a la prescripción de las reclamaciones salariales de un empleado público, hemos expresado que, en ausencia de legislación especial, la prescripción de las reclamaciones salariales de los servidores públicos se rige por los postulados del Código Civil.[30] La controversia ante nuestra consideración trata sobre reclamaciones al amparo de la Ley Núm. 80, *infra*, y la Ley Núm. 115, *infra*. Contando con legislación especial que fija el término prescriptivo de las causas de acción, bastará dirigirnos a ellas para determinar si el Recurrido presentó su acción dentro del término dispuesto en ambas leyes.

i.  **Ley Núm. 80, *infra*.**

En primer lugar, la Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley de Indemnización por Despido sin Justa Causa*, 29 LPRA sec. 185 *et seq*. (Ley Núm. 80), se creó para

---

[28] 31 LPRA sec. 9489. Véase *Díaz Santiago v. International Textiles*, 195 DPR 862, 868 (2016).

[29] Íd. en la pág. 869.

[30] *Aponte v. Srio. de Hacienda, E.L.A.*, 125 DPR 610, 621-622 (1990).

desalentar la incidencia de despidos injustificados en Puerto Rico y para proveer remedios a las personas que son despedidas sin justa causa.[31]

Hemos expresado que el empleado que crea tener una reclamación de este tipo podrá acudir al tribunal o al Negociado de Normas del Trabajo del Departamento del Trabajo y Recursos Humanos, ya que este último tiene la facultad para investigar reclamaciones por despido injustificado, salarios dejados de pagar, vacaciones y bonos, entre otras reclamaciones.[32]

En lo que respecta al término prescriptivo de la causa de acción, **el Art. 12 de la Ley Núm. 80**, *supra*, **dispone con meridiana claridad que el término prescriptivo para solicitar remedios al tenor con esta ley es de un año a partir de la fecha efectiva del despido.**[33]

**ii.    Ley Núm. 115, *infra*.**

La Ley Núm. 115 de 20 de diciembre de 1991, mejor conocida como *Ley de Represalias,* 29 LPRA sec. 194 *et seq.* (Ley Núm. 115), se creó con el propósito de proteger a los empleados contra las represalias que puedan tomar los patronos en contra de éstos por ofrecer algún tipo de testimonio, expresión o información, ya sea verbal o escrita, ante un foro legislativo, administrativo o judicial en Puerto Rico.[34] Si bien es cierto que el alcance de esta ley se ha ampliado en beneficio de los empleados, en el caso ante nuestra consideración debemos

---

[31] *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 831 (2011).

[32] *Díaz Santiago v. International Textiles*, *supra*, en la pág. 872.

[33] 29 LPRA sec. 185l.

[34] 29 LPRA sec. 194a.

enfocarnos, únicamente, en el término prescriptivo que dispone la Ley Núm. 115, *supra*.

Según el Art. 2 de la Ley Núm. 115, *supra*, "[c]ualquier persona que alegue una violación a esta ley **podrá instar una acción civil en contra del patrono dentro de tres años de la fecha en que ocurrió dicha violación** […]".[35] Como corolario, a diferencia de la Ley Núm. 80, *supra,* que provee un año para la reclamación en contra del patrono, la Ley Núm. 115, *supra,* dispone que el perjudicado contará con un término prescriptivo de tres años para incoar su reclamación.

Con lo anterior en mente, procedamos a resolver.

### III

En nuestra encomienda adjudicativa de solucionar la presente controversia debemos responder una sola interrogante: ¿La presentación oportuna de una moción de relevo en un procedimiento sumario laboral instado al amparo de la Ley Núm. 2, *supra*, tiene el efecto de interrumpir la finalidad de la sentencia hasta tanto el juzgador del foro de primera instancia la resuelva? Concluimos que no. Veamos.

Prestress acudió ante este Tribunal imputándole a los foros *a quo* haber errado al concluir que la denegada *Moción de Reconsideración y/o Relevo de Sentencia* que presentó el señor Flores Reyes en el trámite sumario de la primera *Querella* interrumpió y suspendió los términos prescriptivos. Además, a grandes rasgos, la Peticionaria señaló que erró el foro apelativo intermedio al no determinar que: (1) las mociones de

---

[35] 29 LPRA sec. 194b.

reconsideración son incompatibles con el procedimiento sumario laboral; y (2) las mociones de relevos denegadas no afectan la finalidad de la sentencia. Lo cual, de haber sido resuelto conforme a derecho, resultaría en la prescripción de la causa de acción que emana de la Ley Núm. 80, *supra*, y mantendría viva únicamente la reclamación al amparo de la Ley Núm. 115, *supra*.

A modo de repaso, la primera *Querella* que presentó el Recurrido fue desestimada por inactividad el 7 de noviembre de 2022. La sentencia desestimatoria adivino final y firme el **21 de noviembre de 2022.**[36] Así, conforme al Art. 12 de la Ley Núm. 80, *supra*, el señor Flores Reyes tendría un periodo de un año para presentar nuevamente su reclamación. Sin embargo, no fue hasta el **15 de febrero de 2024** que este presentó su segunda *Querella*. Es decir, cerca de 14 meses posteriores a que adviniera final y firme la sentencia desestimatoria en la primera *Querella*, el Recurrido acudió nuevamente ante el Tribunal de Primera Instancia y presentó una segunda reclamación por fundamentos idénticos a la primera.

**El señor Flores Reyes alegó que la presentación de su segunda reclamación no estaba prescrita debido a que presentó una *Moción de reconsideración y/o Relevo de Sentencia*.** Según este, una vez el juzgador del foro de primera instancia acogió su moción para considerarla, se interrumpió la finalidad de la sentencia emitida el 7 de noviembre de 2022. Añadió que, debido a que el Tribunal de Primera Instancia resolvió su solicitud el 18 de agosto de 2023 (fecha en la que determinó no conceder

---

[36] Según expuesto anteriormente, la notificación de la sentencia se realizó el 9 de noviembre de 2022.

el relevo de la sentencia), el término para presentar la segunda *Querella* no comenzó a transcurrir hasta entonces. **No le asiste la razón**.

La alegación del señor Flores Reyes, al igual que su escrito, puede evaluarse de dos maneras: como una moción de reconsideración o como una moción de relevo de sentencia. Para la primera, ya sabemos que las mociones de reconsideración son incompatibles con el procedimiento sumario laboral.[37] Por tal razón, la evaluaremos como una moción de relevo de sentencia.

Previamente discutimos varios aspectos de la moción de relevo. Como, por ejemplo, los requisitos establecidos por la Ley Núm. 2, *supra*, para que esta sea considerada por el foro de primera instancia: (1) presentarla no más tarde de 60 días posteriores a la notificación de la sentencia; y (2) estar debidamente juramentada. Sin embargo, lo fundamental para la controversia que nos atañe es el efecto de presentar la moción de relevo y la relación, si alguna, con la interrupción de la finalidad de la sentencia.

Conforme a lo anterior, y según discutido, resaltamos que los dictámenes sobre una moción de relevo de sentencia serán considerados como una resolución y no como una nueva sentencia, precisamente por el hecho de que este tipo de solicitud no interrumpe la finalidad de la sentencia. Tanto así que la norma procesal lo expresa textualmente: "**[u]na moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia**

---

[37] *Patino Chirino v. Parador Villa Antonio*, *supra*.

**ni suspenderá sus efectos**.[38] La única excepción es que la moción sea resuelta en favor del promovente, lo cual, *ipso facto,* deja sin efecto la sentencia.

En vista de lo anterior, **no albergamos duda de que la** *Moción de Reconsideración y/o Relevo de Sentencia* **que presentó el Recurrido no afectó la finalidad de la sentencia respecto a la primera** *Querella*. Como corolario, no se interrumpieron ni suspendieron los términos prescriptivos. Así, al advenir final y firme la sentencia el 19 de noviembre de 2022, el señor Flores Reyes tuvo desde ese momento para cumplir con los términos prescriptivos de las distintas leyes contempladas en su reclamación.[39] **Permitir lo contrario atenta contra nuestros pronunciamientos respecto a la razón de ser de los términos prescriptivos y, por consiguiente, beneficiaría precisamente a quien está destinado a castigar.**[40]

**IV**

Por los fundamentos antes esbozados, se revocan los foros *a quo* y, por razón de su prescripción, se desestima con perjuicio la causa de acción que surge al amparo de la Ley Núm. 80 de 30 de mayo de 1976. De conformidad con lo aquí resuelto, se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos atinentes a

---

[38] (Negrilla suplida). Regla 49.2 de las de Procedimiento Civil. R. 49.2, 32 LPRA Ap. V. Véase, además, *Bco Santander PR v. Fajardo Farms Corp., supra.*

[39] Cabe destacar que, en esta etapa de los procedimientos, no nos compete pormenorizar la validez de la reclamación del Recurrido al amparo de la Ley Núm. 115, *supra*. Ese ejercicio le corresponderá al foro de primera instancia cuando llegue su día.

[40] Véase *Xerox Corp. v. Gómez Rodríguez y otros*, *supra*, en la pág. 952.

la causa de acción por despido por represalias que establece la Ley Núm. 115 de 20 de diciembre de 1991.

Se dictará Sentencia en conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Javier Flores Reyes

    Recurrido

       v.                CC-2025-0135      Certiorari

Prestress Manufacturing
Corp.

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 18 de mayo de 2026.

      Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revocan los foros *a quo* y, por razón de su prescripción, se desestima con perjuicio la causa de acción que surge al amparo de la Ley Núm. 80 de 30 de mayo de 1976. De conformidad con lo aquí resuelto, se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos atinentes a la causa de acción por despido por represalias que establece la Ley Núm. 115 de 20 de diciembre de 1991.

      Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

                       Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo